[S. F. No. 1613.  Department Two.—December 21, 1900.]

SUSIE T. ENOS et al., Respondents, v. RACHEL JANE SNYDER et al., Appellants.

BURIAL OF DECEASED PERSON—BODY NOT DISPOSABLE BY WILL.—A man cannot by will dispose of his dead body, nor direct its burial by others than those entitled by law to receive it.

ID.—PERSONAL REPRESENTATIVE NOT ENTITLED.—The executor or administrator, though required by law to pay the funeral expenses, is not entitled as such to the custody of the body, and has no right of burial against the objection of the persons entitled by law.

ID.—PERSONS ENTITLED TO BURY.—Under the weight of authority, in the absence of statute, and under section 294 of the Penal Code of this state, the surviving spouse and, in other cases, the next of kin, are entitled to the custody of the body of a deceased person for the purpose of burial.

ID.—PROVISIONS OF PENAL CODE—CIVIL ACTION.—The provisions of section 294 of the Penal Code, in so far as defining the persons entitled to the custody of a dead body, and charging them with the duty of burial, if possessed of sufficient means, are regulative of rights which may be considered and protected in a civil action.

APPEAL from a judgment of the Superior Court of Sonoma County. Albert G. Burnett, Judge.

The facts are stated in the opinion of the court.

Lippitt & Lippitt, and Myrick & Deering, for Appellants.

Haven & Haven, for Respondents.

McFARLAND, J.—John S. Enos died in Sonoma county on March 30, 1898. The plaintiff Susie T. Enos is his surviving wife, and the plaintiff Gertrude Willis is his daughter. For several years next before his death the deceased had not lived with his wife, but during that time lived at the residence of the defendant Rachael Jane Snyder, where he died. He left a will which contained a direction that the manner, time, and place of his burial should be "according to the wishes and directions of Mrs. R. J. Snyder," the said defendant. After his death the plaintiffs herein made demand of defendant Snyder for possession of his body for the purpose of burying the same,

and the demand was refused. Thereupon this action was commenced against Mrs. Snyder for a judgment declaring that plaintiffs are entitled to the possession of the dead body of the deceased for the purpose of burial, enjoining defendant from proceeding with the burial of said body and directing her to give to plaintiffs the possession thereof.

Defendant Snyder answered, setting up the clause in the will above referred to, and also verbal statements to the same effect made by the deceased before his death. Afterward E. S. Lippitt, the executor named in the will, was, on his own application, made a party defendant, and he filed an answer averring substantially the things set up in the answer of defendant Snyder. Demurrers to both answers were sustained, and judgment was entered for plaintiffs substantially as prayed for in the complaint. From this judgment defendants appeal. It is admitted that the record presents the sole question involved in the case, namely, Under the law of this state, did the respondents, as next of kin, have the right to the possession of the body of the deceased for the purpose of burying it, as against the appellants who claim that right under the will?

The general English and American authorities on the subject are not very satisfactory—at least, as to a contest like the one here involved between the next of kin and persons claiming under a will. It is quite well established, however, by those authorities that, in the absence of statutory provisions, there is no property in a dead body, that it is not part of the estate of the deceased person, and that a man cannot by will dispose of that which after his death will be his corpse. There are some expressions in some of the authorities cited by appellants to the effect that the right of burial is in the next of kin, "in the absence of any testamentary disposition"; but they were not cases in which the right of testamentary disposition was involved. The case which is most directly in point here is *Williams v. Williams*, L. R. 20 Ch. Div. 659. It is a recent case (1882) and expresses the law of England on the subject. In that case the deceased had by his will directed that after his death "his body should be given to his friend Eliza Williams, to be dealt with by her in such manner as he had directed to be done in a private letter to her." The body, however, was buried

in a certain cemetery "by the direction of his widow and one of his sons"; but afterward Eliza Williams succeeded in removing it from the cemetery, and, having disposed of it in accordance with the direction of the will, she brought the action against the executors to recover the amount of the expenses which she had incurred in so doing. Kay, J., in his opinion, after referring to certain cases, says: "It follows that a man cannot by will dispose of his dead body. If there be no property in a dead body, it is impossible that by will or any other instrument the body can be disposed of. I asked for any authority in conflict with these cases, but none was produced. I have referred to the books of the greatest authority on the question, and I believe there is no authority in the least degree in conflict with these cases. It follows that the direction in this codicil to the executors to deliver over the body to Miss Williams, who is not one of the executors, is a direction which, in point of law, could not be enforced, and was void." The current of American authorities, although there is some conflict, is to the same effect. (*Griffith v. Charlotte etc. R. R. Co.*, 23 S. C. 25,[1] and cases there cited; *In re Wong Yung Quy*, 6 Saw. 449; *Guthrie v. Weaver*, 1 Mo. App. 136.) In *O'Donnell v. Slack*, 123 Cal. 285, the point was not involved.

But as some one must, of necessity, bury the dead, and must have the temporary possession of the dead body for that purpose, in the few cases where there has been any question on the subject equity has been invoked, and courts of equity have assumed jurisdiction and have given the necessary remedies; and it has been generally declared that the right of burial of a deceased wife or husband belongs to the surviving spouse, and in other cases to the next of kin being present and having the ability to perform the service. (*Durell v. Hayward*, 9 Gray, 249; *Fox v. Gordon*, 16 Phila. 185; *Larson v. Chase*, 47 Minn. 307[2]; *Foley v. Phelps*, 1 N. Y. App. Div. 537; *Wynkoop v. Wynkoop*, 42 Pa. St. 293[3]; *Matter of Widening Beekman St.*, 4 Bradf. 503.)

The appellant Lippitt in his answer bases his alleged right on the directions given by the deceased in his will and verbally,

[1] 55 Am. Rep. 1.          [3] 82 Am. Dec. 506.
[2] 28 Am. St. Rep. 370.

and not upon his authority as executor independent of such directions, and the arguments of counsel for appellants rest mainly on that basis; but there is in their briefs some shadow of contention that an executor or administrator has, by mere virtue of his office, the right to bury the body and to the possession of it for that purpose. There are expressions to that effect in the English books and particularly in the older ones, and they may also be found in some American authorities; but the current of American authorities is the other way. Those expressions are found generally in cases where there was no contest between executors and next of kin—as in *Williams v. Williams, supra,* where the body had been buried by the executors by the direction of the next of kin. Of course, it is generally provided by statute—as in this state by section 1643 of the Code of Civil Procedure—that executors or administrators must pay "funeral expenses"; but it has certainly been the custom in this country for the next of kin, and not the executor or administrator, to have the custody of the dead body before the funeral, and to bury it. Indeed, under our probate system, it cannot be determined who the executor or administrator is until after the appropriate time for the funeral has elapsed, and the burial of the dead body is not to be found in the statutory enumeration of the rights and duties of executors and administrators. In American and English Encyclopedia of Law, volume 8, page 837, it is said in the text as follows: "In England it has been held that an executor has the right to the custody and possession of the body of his decedent until it is properly buried; but this doctrine has no support in the United States"; and the cases cited support the text. In *Renihan v. Wright,* 125 Ind. 536,[4] the court, after an elaborate discussion of the subject and review of the authorities, say: "Our conclusion is that the custody of the corpse and the right of burial do not belong to the executor or administrator, but to the next of kin, and that the courts of this state possess the power to protect such next of kin in the exercise of such rights."

We have considered the subject as presented in the general authorities because appellants contend that there are no statutory provisions here which are determinative of the question

---

[4] 21 Am. St. Rep. 249.

involved, but we think that our statutory law does definitely, settle the question against appellant's contention. Section 292 of the Penal Code provides that: "The duty of burying the body of the deceased person devolves upon the person hereinafter mentioned"; then follow four subdivisions of the section. Subdivision 1 provides that in the case of the death of a married woman the duty of burial devolves on the husband; and subdivision 2 is .as follows: "If the deceased was not a married woman, but left any kindred, the duty of burial devolves upon the person or persons in the same degree nearest of kin to the deceased, being of adult age and within this state, and possessed of sufficient means to defray the necessary expenses"; and section 294 provides that: "The person charged by law with the duty of burying the body of a deceased person is entitled to the custody of such body for the purposes of burying it." It is also provided in another section that if the person upon whom the duty of burial is imposed neglects to perform it in a reasonable time he is guilty of a misdemeanor, and is also liable in a civil action to the person who does perform it in treble the expense incurred. These provisions are very clear and explicit; but appellants contend that they should not be considered in a civil action because they are in the Penal Code. This position is not tenable. We have here a code system which is for convenience and partial classification divided into four codes, to each of which a name is given; but they are inseparably interwoven with each other, and no one of them is complete in itself, or absolutely confined to a particular subject. Therefore, clear enactments of substantive law establishing rights—like section 294—are not to be held inoperative because found in any particular code. If a provision in one code were in conflict with a provision on the same subject in another code, perhaps a consideration of the general purpose of each of the codes might afford some aid in solving the difficulty; but there is no such difficulty here, for there is no provision in any of the other codes touching the question here involved. The fact that a penalty for not burying a dead body is also imposed upon the one whose duty it is to bury it does not affect the right of custody which the law gives. If the duty and the right had been declared in some other code, and the Penal Code had merely provided the

penalty, there would be, we suppose, no objection to the appropriateness of the legislation; but there is no reason in law why any part of this legislation is invalid because found in the Penal Code instead of one of the others. It would hardly be contended that the provision about liability in a "civil action" is inoperative because found in the Penal Code. The subject is one peculiarly appropriate for legislative direction; and it may be assumed that the legislature has looked upon the provisions of the code above cited as sufficiently expressive of the legislative intent.

The judgment is affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.