Belden, J.
(orally).
This is -an- action to -obtain custody of the dead body of one Ernest Herold. The plaintiff is the widow, and the defendant, Henry Herold, is the father, of s-aid Ernest Herold. The defendant, Albert P. Wagner is th-e undertaker employed by the «defendant, Henry Herold, to prepare -the body of Ernest Herold for burial, and to- inter the same.
*406 The plaintiff desires to have the body interred in Lakevi-ew Cemetery, in Cleveland, in this state. The father and sisters of deceased desire to have the body interred in Greenwood Cemetery, at Hamilton. The controversy is between- these parties.
The authority of a court of equity to decide matters of this ídnd is unquestioned. 8 Am. & Eng. Enoy., p. 836; 13 Gye. 268,
The widow has the paramount right in case' of dispute between her and the next of kin. 7 C. C. Rep., 196, Hadsell v. Hadsell.
The debatable- question in -this ease, however, is -as to whether the express wish of a decedent should control.
Ernest Henold, the day before his death, signed the following’ paper:
“In the üamá of the Benevolent Father of all, I, Ernest Herold, being of sound mind and'memory, and believing myself in imminent danger of death, hereby direct and authorize my father, Henry Herold, to have -absolute control and disposition of my body after my death. It is my wish to be buried in Greenwood Cemetery, Hamilton, Ohio, -and I so direct.
“Signed by said Ernest Herold in our presence, and by us of two witnesses, -and acknowledged by me to be my last will,
“Ernest Herold.
“Signed by said Ernest Herold in our presence, and by us in his presence, and in the presence of each other, at his request, ■and acknowledged by him to be bis last will, this 18th day of duly, 1905.
“J. H. ZellnEr,
“Theodore E. Bock.”
This indicates clearly what the wish of the decedent was.
In addition to that, the court has heard evidence. One of the sisters of Ernest Herold testified that several times before his ’death he said he wanted to be buried in Greenwood Cemetery at Hamilton, that his body might lie by the body of his toother, who died some six years ago.
As I have said, this is a debatable question.
That the wishes of the deceased should control, see 8 Am. & Éng. Eney., p. 836; 13 Cye., 271. The text says it should control, even in opposition to the wishes of the family of the decedent.
*407 I find, however, that that is not supported by at least one of the decisions cited, the only one to which the court has had access—the case of Weld v. Walker et al, 130 Mass., p. 422. That does not sustain the contention of the author of the article published in the Encyclopedia.
The second syllabus of this case (Weld v. Walker) reads as follows:
“If a husband has not freely consented to the burial of his wife in a lot of land owned by another person, with the intention or understanding that it should he her final resting place, a court of equity may permit him, after such burial, to remove her b'ody, coffin and tombstone, to his own land, and restrain that person from interfering with such .removal. ’ ’
It will be noted that instead of holding that the wishes of the decedent should prevail, it says nothing upon that subject. The court has read the opinion, and finds nothing upon that subject. But it does say that the husband, even 'after the wife has been buried in one lot, may remove her remains to a lot owned by him.
The same thing may be said as to the authorities cited in 13 Cyc.
One of the authorities cited is the case of Smiley v. Bartlett, 6 Ohio C. C. Rep., 234. Scribner, J., deciding the case, says;
“While it is eminently right and proper that the expressed wishes of a deceased relative should be 'considered in determining the selection, of the place of burial, as it is claimed is the ease here, a wife has made known her wish to- be buried by the side of her deceased 'husband; nevertheless this consideration is not to have absolutely controlling effect. ’ ’
Therefore, instead of being an authority to the effect that the wishes of the deceased must be regarded, it simply holds that it is one of the circumstances to be considered by the court, but that does not control the court.
There are other cases upon this subject, which the court has found after considerable investigation. There are a number of decisions in regard to the right of custody as to dead bodies *408 in the American State series. The -court has examined -a number of them, but will cite but two.
The first is the case of Enos v. Snyder, 82 American State Reports, p. 330 (131 Cal., 68; 63 Pac., 170). The syllabus is as follows:
“ 'Wills,—Disposition of one’s own dead body.—A man can not by will dispose of his dead body, for there is no property in it, and it do-es not form a part of his estate.
"Cemeteries.—Right of burial.—Who has.—The right of burial of a deceased wife or husband belongs to the- surviving spouse, and in other cases to the next of kin, being present and having the ability to perform the service; and -courts hav-e the power to protect the exercis-e -of such right.
‘1 Cemeteries—Right of Burial—An executor or administrator is not entitled :as such to bury the body of his- decedent, and is not entitled to its possession for that purpose, as against those who -do have a right to its custody for the purpose of burial.
" Cemeteries—Right of Burial—Relatives—Claimants by Will.—If a man dies, his surviving wife and daughter have the right to the possession of his body, for the purpose of burying it, as against -others who claim that right under the provisions of a will.”
It seems to me this case is directly in point.
There is a ease cited by the Pennsylvania Supreme Court, Pettigrew v. Pettigrew (207 Pa. St., 313; 56 Atl., 878), 99 American State Reports, p. 795, which is a very interesting ease upon this subject.
I read a portion of the syllabus-:
"Dead Bodies—Property in.—The law recognizes property in a human Corpse, hut such property is subject to'a trust, and limited in its rights to such exercise as shall be in conformity with the duty ont of which the rights -arise.
"Dead Bodies—Right of burial.—There is no universal rule -as to t-he burial of the dead applicable alike in all eases, but each must be considered in equity on its own merits-, having due regard to- the interests of the public, the wishes of the decedent, and tire rights and feelings of those entitled to he heard, by reason of relationship o-r association.
"Dead Bodies.—The paramount right of burial of a dead body is in the surviving husband, or widow, -and if the parties *409 were living in tbe normal relations, of marriage, it will require a very strong case to justify -a court i.n interfering with- the wish of the survivor.
“Deaid Bodies.—Right of Burial.—If there is no surviving husband or wife, the right of burial of a dead body is in the next of kin in the order of their relation to the decedent as children of proper age, parents, brothers and sisters, or more distant kin, modified :as it may be -by circumstances of special intimacy or association with the decedent. ■
“Dead Bodies—Method and Right of Burial—Plow far-the desires of a decedent as to his method of burial should prevail against those of a surviving husband or wife, is an open question, but as against remoter kindred such wishes, especially if strongly and recently expressed, should usually prevail.
“Dead Bodies—Right of Removal and Reinterment.—Pf a decedent, leaving a widow and one child surviving, is buried in a lot belonging to his father’s family, with- the widow’s’consent, at least to such temporary burial, and upon the subsequent death of such child it is buried in a lot owned by the widow in another cemetery, the widow has the right to remove the body of her husband to the lot purchased by her, in accord with the expressed wish of such child, especially when there is not room in the lot where the husband was buried for the burial of the widow and child, unless they were put in the same grave with the husband, and the hostile feeling of his family make it doubtful if this, privilege would be granted.”
Now in tbe ease at bar it appears that the Herold family own a lot in Greenwood Cemetery which .will permit the burial of seven bodies. Only one body is interred in that lot at present—that of the mother of Ernest Herold. If the body of Ernest Herold is interred there, that would make two bodies interred there. There are four sisters, who would have the same right to he buried in that lot as Ernest Herold has—that would' make six, leaving room for one more. But, as was said in the Pennsylvania case cited, where it is doubtful whether the family would consent to the burial of the widow and child there the court should give the wife the right to inter the body ir> another cemetery.
In this ease, one of the witnesses, a member of the Herold family, stated that so far as’she w>as concerned, Mrs-. Sarah Herold, widow of Ernest Herold, can, upon her death, be *410 buried in the family lot. But the others were not here to speak for themselves. And, even if Mrs. Sarah Herold would have the right to be buried upon that lot there would be no place for her child, to be interred in that lot.
It seems to the court that und'er all the circumstances of the case, that it is best that the widow, Sarah J. Herold, should be awarded the custody of the body of Ernest Herold.
The court has given some consideration to the question as to whether this paper, which I have read, is a will. That it is not a will which can be probated under the laws of Ohio, has been decided by the probate judge of this county, on yesterday I think the probate court was justified in making that decision— the only decision that could be made under the law.
Upon that subject I cite Jarman on Wills, Yol. 1, p. 27, note:
“An instrument which disposes of no property, but simply deel-aies an intention to revoke a previous will, is not a will or ■codicil, and is therefore not entitled to probate.”
The first part of that is applicable to this ease—“an instrument which disposes of no property” is not a will, and is not entitled to probate.
That a corpse is not property has been decided in the case in 7 Ohio C. C. Reports, which has been referred to heretofore by the court.
This is a peculiar case. The evidence shows that Ernest Herold has been, for sixteen or seventeen months at least, a temporary resident of the city of Hamilton, county of Butler; he came back to his boyhood home during his last illness. It does seem as though the wishes of the father and sisters who waited upen him during his last illness ought to have some consideration by the court. The testimony shows that one sister waited upon him by day, and another sister waited upon him by night. If the evidence in this ease showed that there was any separation between the husband and wife, and that she was not discharging her full duty to this sick husband, I would, in spite of Ml that has been said heretofore, give the custody of the dead body of Ernest Herold to the sisters and the father. But no such ease arises under the evidence. The evidence shows *411 that the wife worked faithfully, in the city of Cleveland, as a dress maker, to earn enough money to support herself and her child, and that she not only did this—not only supported herself and child by labor of her own hands, but that she earned enough money to send .to her. sick husband various -sums almost every week, or every two weeks. The evidence shows that letters were exchanged between the husband and wife. Also, that Last March Ernest Herold had recovered sufficiently to go back to .the city of Cleveland, or thought he was well enough to go, and did go; that he stayed there with his wife some ten days, and then concluded, according to the evidence, that it would be better for him to return to Hamilton. But it appears that there was no thought of a permanent separation at that time. On the contrary, at the request of Ernest Herold, his wife packed and stored her household goods, and packed her trunks, and expected and had arranged to go to Denver, Colorado, with her sick husband, when she was notified of his death.
The evidence shows that -this widow is able to provide a proper burial for her husband, that she is willing .to do it; she is willing to pay all expenses incurred.
The fact that this deceased person has a child, who is living in Cleveland, weighs a great deal with this court in the consideration of this case; she is a little child now, only about three years of age, but after a while she will want to know who her father was, and where her father’s body rests. If her father’s body is interred in the city of Hamilton she can not go to his grave and pay the tributes of respect and affection that she would like to pay, but if the body rests in the city of Cleveland this little girl can visit that grave, and can plant her flowers there, and show -that she loves her father, even though she -was only three years of age when he died.
Under all the circumstances' of the case, notwithstanding the fact that Ernest Herold expressed a desire to be buried in the city of Hamilton, in Greenwood Cemetery, the court holds that the prayer of the petition will be granted, and awards the custody of the dead body of Ernest Herold to his widow, Sarah J. Herold.