WALTER V. NELSON, *Appellee*, v. CLARENCE SCHOON-OVER et al., *Appellants*.

No. 18,102.

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

1. EXECUTOR—*Entitled to Expense Incurred in Conducting Litigation.* An executor is entitled to charge the estate with his expenses necessarily incurred in conducting litigation to determine whether certain real property is liable for the payment of obligations of the estate.

2. ———— *Compensation for Services Performed as a Lawyer.* In fixing the compensation of an executor the probate court may take into consideration the fact that he has performed services as a lawyer, by which expense to the estate has been saved.

3. BURIAL—*Testatrix—Place Designated by Will—Changed by Husband.* Where a will expresses the wish of the testatrix for burial in a particular place, but burial is had elsewhere by direction of her husband, in accordance with what he states to have been her desire, expressed to him after the making of the will, the executor is thereby relieved of responsibility in the matter. His duty does not require him to challenge the accuracy of the husband's statement, or to make an issue thereon for the determination of a court.

4. TITLE—*In Wife's Name—Paid for by Husband—No Inheritance Tax.* Where a husband buys land, paying for it with his own means, but taking title in the name of his wife under an agreement that she is to make a will devising it to him, and such will is not made, and after his wife's death the

husband obtains title to the property by an action in the nature of one for specific performance, he is not chargeable with an inheritance tax with reference thereto.

Appeal from Butler district court. Opinion denying a rehearing filed June 7, 1913. Modification sustained. (For original opinion, see *ante*, p. 388, 131 Pac. 147.)

*J. K. Codding*, of Lansing, *George J. Benson*, and *T. A. Kramer*, both of El Dorado, for the appellants.

*H. W. Schumacher*, *A. L. L. Hamilton*, and *B. R. Leydig*, all of El Dorado, for the appellee.

The opinion of the court was delivered by

MASON, J.: Nancy G. Nelson died, leaving a will by the terms of which her property was to be divided equally between her husband and her son by a former husband. Her husband brought an action against the son and the executor, alleging in substance that the real estate standing in the name of the decedent (who owned practically no other property) belonged to him. He obtained a decree quieting his title, and declaring the will to be invalid, there being no property upon which it could act. Upon appeal the decree was modified to this extent: The will was held to be so far effective as to grant a legacy of $500 to the testatrix's son, and the real estate was held to be chargeable with the payment of this legacy and the expenses of administration, the plaintiff's claim of title being otherwise confirmed. (*Ante*, p. 388, 131 Pac. 147.) Each party has filed a petition for a rehearing, and each asks some modification of the order made. In behalf of the testatrix's son it is asked that the amount of his legacy be increased upon the ground that the contract that he should receive $500 ought to be interpreted as meaning that he was to have the proportion of the estate then represented by that amount, said to be substantially one-fourth. One-fourth of the property would now be worth more than $500, owing to its advance in value.

Nelson v. Schoonover.

But it can not be assumed that at the time the contract was made such an increase in value was not within the contemplation of the parties. It is also asked that the executor be allowed to deliver to the son certain articles of personal property of small intrinsic value. They are part of the estate and we have no control over their disposition. The plaintiff, being the only person whose financial interests could be affected, can of course waive their sale, but he has a legal right to insist upon it.

The plaintiff asks that this court, having held that the land is subject to the payment of the expenses of administration, now determine what items may rightly be included within that category. So far as we have jurisdiction it is proper that this should be done. The apportionment of costs, which rests largely in the discretion of the court, may be finally determined. The litigation involved a controversy between the plaintiff and his stepson as to the ownership of half of the land standing in the name of the decedent, and a controversy between the plaintiff and the executor as to whether this half of the land, even if otherwise owned by the plaintiff, can be held for the payment of charges against the estate. Upon the first issue the plaintiff prevailed, except so far as the land was held liable for the payment of a legacy of $500; upon the second issue he was defeated. The testatrix's son is under guardianship, and the sum of $500 set apart for his benefit should be exempted from deduction for costs if this can be done without injustice to the plaintiff. A claim for interest is made in his behalf. Usually a legacy bears interest after one year from the testator's death, but this is not an inflexible rule. (40 Cyc. 2093.) Here some latitude was allowed in the time of payment of the legacy. We think substantial justice may be best approximated by charging no costs to the legatee, and allowing his legacy to draw interest only from this time. The executor should be relieved from personal liability for any costs. As between the executor, repre-

senting the estate, and the plaintiff, the apportionment
of costs is only a formal matter, since ultimately the
entire burden falls upon the plaintiff, as all charges
against the estate, unless otherwise provided for by
him, must be paid out of the proceeds of the sale of
land that would otherwise be his. As a matter of form,
however, the costs in this court and in the district court
will be divided equally between the plaintiff and the
executor.

The question arises whether the executor will be en-
titled to charge the estate with his expenses incurred
in connection with the litigation, and also whether,
being a lawyer and having conducted the case in person,
he may claim compensation for his services in that
capacity. While the judgment of the district court de-
clared the will to be invalid, this was on the theory
that there was no property on which it could operate.
The action was not in any proper sense one to set aside
the will. It was rather one to determine whether the
land in question could be treated as assets of the es-
tate, so far as necessary for the payment of its obli-
gations. In this view of the case the executor was
clearly entitled to charge the estate with such expenses
as he necessarily incurred in presenting the claim in
its behalf. (18 Cyc. 275.) The allowance of the ex-
ecutor's compensation rests with the probate court, but
whether his services as an attorney may be considered
in that connection is a question of law which may be
now determined. There is considerable apparent and
perhaps some real conflict of authority on the subject.
(18 Cyc. 281, 282; Note, Ann. Cas. 1913 A, 1273.)
An executor can not in effect employ himself as a
lawyer and as a matter of right recover the value of the
legal services rendered. And where the statute fixes
a definite rate as the basis of the executor's compensa-
tion he doubtless can not add to it by performing serv-
ices as a lawyer. (18 Cyc. 1156.) But where, as in
this state, he is allowed such an amount as in the opin-

ion of the probate court is reasonable under all the circumstances (Gen. Stat. 1909, § 3599), the fact that he has saved the estate the expense of the employment of an attorney is one of the matters fairly to be taken into consideration (Schouler on Executors, 3d ed., § 545). "When the executor or administrator is an attorney or solicitor, and in either capacity renders professional services, necessary in litigation for the benefit, or demanded by the necessities of the estate, he is entitled to compensation for such services. In such a case, the rule is not to allow him the usual professional charges for such services, but a compensation fixed and determined by the inquiry, what is fair and reasonable in view of all the circumstances of the estate." (*Clark v. Knox,* 70 Ala. 607, 617, 45 Am. Rep. 88, 93.)

The testatrix in her will expressed a wish that her body should be buried in Ohio. Ordinarily it would be the duty of the executor to see this done, and of course the expenses incidental thereto would be chargeable against the estate. But here the husband, acting, as he states, in accordance with a later expression of his wife's wishes, has caused the body to be buried in this state. Courts have sometimes been called upon to settle disagreements between relatives as to the place in which an interment shall be made. In each of these cases such decision has been made as seemed most equitable under all the circumstances. (Note, Ann. Cas. 1912 D, 1240.) Ordinarily the choice of a surviving spouse will prevail over that of the next of kin. (Note, 28 Am. St. Rep. 370; Note, 14 L. R. A. 85; see, also, *Hackett v. Hackett,* 18 R. I. 155, 26 Atl. 42, 19 L. R. A. 558, 49 Am. St. Rep. 762; *McGann v. McGann,* 28 R. I. 130, 66 Atl. 52; 13 Cyc. 269-271; and 8 A. & E. Encycl. of L. 836.) In one instance, under unusual conditions, the known wish of the deceased was given effect even over the objection of his widow. (*Wood v. Butterworth & Sons,* 65 Wash. 344, 118 Pac. 212; see,

also, *O'Donnell v. Slack,* 123 Cal. 285, 55 Pac. 906, 43 L. R. A. 388; and *Enos v. Snyder,* 131 Cal. 68, 63 Pac. 170, 53 L. R. A. 221, 82 Am. St. Rep. 330.) The statement in a will is practically conclusive evidence of the wish of the testator in this regard at the time of its execution, but should not control over a different desire, afterwards expressed, although shown only by oral evidence. The fact that in the present case the interment has already been made by the husband, in accordance with what he states to have been the desire of his wife, made known to him and to others in her last illness, relieves the executor of responsibility in the matter. His duty does not require him to challenge the accuracy of the husband's statement, or to make an issue on the subject for the determination of a court.

It is suggested that an effort·may be made to charge the land, to which the plaintiff is held to be entitled, with an inheritance tax, and that if such an effort should be successful payment would have to be made through the ·executor. · The plaintiff does not derive title to the property by descent or will, but by contract. Under the findings of the trial court, which have been sustained upon appeal, the property was in a sense his before his wife's death. At all events he had paid for it, and was not chargeable with an inheritance tax. (37 Cyc. 1565.)

The plaintiff is naturally desirous that the administration be speedily closed. While he may not be able to bring about this result, he can make the remainder of the administration a mere formality, and reduce its expense to a nominal sum, by providing for the payment of such amounts as are chargeable upon the land. He can in any event prevent the sale of any part of the land by giving the statutory bond. (Gen. Stat. 1909, § 3554.)

The petitions for a rehearing are denied.