(86 Misc. Rep. 292)

COONEY v. ENGLISH et al.

(Supreme Court, Special Term, Kings County. May, 1914.)

1. DEAD BODIES (§ 5*)—REMOVAL FOR REINTERMENT—GROUNDS.

Where the remains of testator, who declared in his will a desire to be buried in a designated cemetery, were buried in another cemetery without knowledge of the will, the executor's delay of nearly a year before presenting the will for probate did not deprive the executor or the court of the right and duty to change the place of interment to the designated cemetery; the word "desire" being used in an imperative sense.

[Ed. Note.—For other cases, see Dead Bodies, Cent. Dig. § 5; Dec. Dig. § 5.*]

2. DEAD BODIES (§§ 4, 5*)—REMOVAL FOR INTERMENT—GROUNDS.

Though the remains of a deceased person should not be removed from the place of sepulture for light reasons, a compliance with testator's positive directions contained in his will, admitted to probate, is not a light reason, but a controlling one, and the court may order the removal of the remains for interment in the cemetery designated in the will.

[Ed. Note.—For other cases, see Dead Bodies, Cent. Dig. §§ 4, 5; Dec. Dig. §§ 4, 5.*]

3. DEAD BODIES (§ 6*)—REMOVAL FOR INTERMENT—COSTS—JURISDICTION.

The court, in an action by an executor to obtain possession of the remains of testator interred in a cemetery for removal and reinterment in another cemetery in accordance with the directions in testator's will, cannot determine the question of who shall bear the expense of removal

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and reinterment, but that must be determined on the final accounting of the executor.

[Ed. Note.—For other cases, see Dead Bodies, Cent. Dig. §§ 6, 7; Dec. Dig. § 6.*]

Action by Owen Cooney, as executor of Patrick English, deceased, against George English and others. Judgment for plaintiff.

Edward B. Thompson, of Brooklyn, for plaintiff.

Moore, Williams & Upson, of Brooklyn (William Austin Moore, of Brooklyn, of counsel), for defendant English.

Owens, Gray & Tomlin, of Brooklyn, for defendant St. John's Cemetery.

BENEDICT, J. This is an action by the executor of one Patrick English, deceased, to obtain possession of the remains of said deceased, now interred in St. John's Cemetery. at Middle Village, L. I., for removal and reinterment in St. Mary's Cemetery·at Wilkes-Barre, Pa., in accordance with the directions of said deceased contained in his will. The action is opposed by the defendant George English, a son of deceased, who, in ignorance of the fact that Patrick English had left a will, caused his remains to be interred·in St. John's Cemetery shortly after his death, which occurred on Novemebr 29, 1911.

[1] The objection mainly relied on by said defendant (although not pleaded as a defense) is laches, based upon the claim that it was nearly a year after the death of Patrick English before his will was presented for probate. I find no such statement in the agreed statement of facts upon which this case is submitted for decision. But, assuming it to be true, I do not think the wishes of the deceased should be set at naught merely because of the delay of the executor in bringing forward the will. The law, as I infer from the authorities which I have consulted, gives great weight, if not controlling force, in such matters to the wishes of the deceased. Thus in Pierce v. Swan Point Cemetery, 10 R. I. 227, 14 Am. Rep. 667, where the widow of deceased had caused his remains to be removed from the place in which he had been buried at his own request, the court directed them to be restored to the original place of burial at the instance of deceased's daughter. See, also, In re Donn, 14 N. Y. Supp. 189; Snyder v. Snyder, 60 How. Prac. 368, 369, 370; Matter of Richardson, 29 Misc. Rep. 367, 369, 60 N. Y. Supp. 539; 14 Am. Law Rev. at page 61; 4 Bradf. Sur. at page 532. While the expressions on this subject contained in the authorities cited may not in all cases be very clear, they all indicate that the wishes of the deceased in the matter are paramount to all other considerations.

[2] In the case at bar the will contains an express direction as to the place of interment, for the word "desire" must be deemed to have been used in an imperative sense, and neither the executor nor the court is at liberty to disregard it. It is, of course, true that the remains of a deceased person should not be removed from the place of sepulture for light reasons. But compliance with the testator's positive direction is not, in my judgment, a light reason, but a controlling one.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[3] The question of who shall bear the expense of removal and re-interment cannot be determined in this action, for the requisite parties are lacking. That will come up on the final accounting of the executor.

Judgment for the plaintiff, permitting him to remove the remains of Patrick English from the St. John's Cemetery for the purpose afore-said, and enjoining the defendants from interfering with such remov-al; the defendant St. John's Cemetery to furnish all usual facilities for such removal and to be paid its proper fees, subject to the right of the estate of deceased to any rebate on giving up the grave.

Submit findings and judgment accordingly.