Elizabeth Gilpin Wales,

*vs.*

Leonard G. Wales, Individually and as Administrator of the Estate of Joseph Patten Wales, Deceased, and The Proprietors of The Wilmington and Brandywine Cemetery Company, a corporation of the State of Delaware.

*New Castle, Dec.* 21, 1936.

*Howard Duane,* for complainant.

*Edward W. Cooch,* for defendant Leonard W. Wales, individually and as administrator.

*Thomas M. Keith,* for defendant The Proprietors of the Wilmington and Brandywine Cemetery Company.

THE CHANCELLOR: On a motion for decree notwithstanding answer, the case before the court is made by the bill insofar as its allegations are not denied or put in issue and by the facts set up in the answer, all of which are to be taken as true for the purposes of the motion. *Jones v. Maxwell Motor Co.,* 13 *Del. Ch.* 76, 79, 115 *A.* 312, 313.

Dr. Joseph P. Wales died intestate on April 16, 1936, leaving to survive him the complainant, his widow, and two married daughters, children of the complainant. The defendant, Leonard E. Wales, is a brother of the deceased and has been duly appointed his administrator. There is a dispute between the widow and the administrator over the place where the body of Dr. Wales should be interred. The widow insists that the body should be buried in a lot in Wilmington and Brandywine Cemetery, which she alleges she has selected with the approval of her daughters. She has not yet acquired the lot because, as she alleges, she has been prevented from doing so by the threat of the defendant, Wales, to inter the body in the Wales family vault in said cemetery. In the interval between Dr. Wales' death

to the present, his body has lain temporarily interred in the crypt of the chapel in the cemetery.

The bill seeks an injunction against the interment of the body in the Wales family vault and to restrain the defendants from removing the body from the crypt in the chapel to any other place during the life time of the complainant without her express direction.

Strictly speaking, no one has any right of property in a dead body. *Weld v. Walker,* 130 *Mass.* 422, 39 *Am. Rep.* 465. In *Pierce v. Proprietors of Swan Point Cemetery,* 10 *R. I.* 227, 14 *Am. Rep.* 667, a man's dead body is referred to as "only *quasi* property," and the person having charge of it is said to hold it "as a sacred trust for the benefit of all who may from family or friendship have an interest in it." Where controversy arises over the place of burial, in this country where there are no ecclesiastical courts, a court of equity discovers sufficient of substantive interests in the subject matter of the dispute, whether the same be described as involving a property interest or not, to take jurisdiction over the controversy and adjudicate its settlement. *Weld v. Walker, supra; Pierce v. Proprietors of Swan Point Cemetery, supra.*

The personal wishes of an executor or administrator in his official capacity ought, of those interested, to be accorded the least consideration in the matter of the disposition of a deceased person's remains, because there is no necessary identity between the office and family ties. Accordingly, as between an executor in his mere official capacity, and the husband or widow or next of kin, the right to decide upon the place of burial of the deceased is paramount in the latter. *Enos v. Snyder,* 131 *Cal.* 68, 63 *P.* 170; *Pettigrew v. Pettigrew,* 207 *Pa.* 313, 56 *A.* 878, 64 *L. R. A.* 179, 99 *Am. St. Rep.* 795. It follows, then, that the complainant's wishes concerning her late husband's interment should be permitted to prevail over those of the defendant administrator, insofar as the latter's are asserted in right of his office.

If the conflict be between a husand or wife of the

deceased on the one side and the children or next of kin on the other, the general rule is that the wishes of the husband or wife shall prevail. *Hackett v. Hackett,* 18 *R. I.* 155, 26 *A.* 42, 19 *L. R. A.* 558, 49 *Am. St. Rep.* 762; *Pettigrew v. Pettigrew, supra; Wood v. E. R. Butterworth & Sons, et al.,* 65 *Wash.* 344, 118 *P.* 212; *Neighbors v. Neighbors,* 112 *Ky.* 161, 65 *S. W.* 607; *McEntee v. Bonacum, et al.,* 66 *Neb.* 651, 92 *N. W.* 633, 60 *L. R. A.* 440. As between the complainant and the defendant Wales, individually as brother of the deceased, the wishes of the former, therefore are paramount.

The general rule which favors the wishes of the surviving husband or wife over those of the children or next of kin, relative to the place of burial of the deceased spouse, is not absolute. *McEntee v. Bonacum, supra.* In *Hackett v. Hackett, supra,* the application of the rule is indicated to be always subject to exceptions "dependent * * * upon the peculiar circumstances of the case"; and in *Snyder v. Snyder,* 60 *How. Prac.* (*N. Y.*) 368, the wishes of a son by a former marriage were allowed, under the circumstances, contrary to the general rule, to prevail over the widow.

Here the conflict is not between the widow on the one side and children or next of kin on the other. The conflict rather is between the desires of the widow and the desires of the deceased expressed by him to his sister and to the family funeral director a short time before his death.

In *Pettigrew v. Pettigrew, supra,* it is stated that how far the desires of the decedent should prevail against those of a surviving husband and wife is an open question, but as against remote connections, such wishes especially if strongly and recently expressed, should usually prevail. In *Williams v. Williams,* 20 *Ch. Div.* 659, it was held that a man cannot by will dispose of his dead body. See, also, *Enos v. Snyder,* 131 *Cal.* 68, 63 *P.* 170. But in *Pierce v. Proprietors of Swan Point Cemetery, supra,* it was stated that "the right of a person to provide by will for the disposition of his body has been generally recognized." See,

also, *Fox v. Gordon*, 16 *Phila.* 185; *Johnston v. Marinus*, 18 *Abb. N. C.* (*N. Y.*) 72, 75; *Secord v. Secord*, 18 *Abb. N. C.* 78, note; *O'Donnell v. Slack*, 123 *Cal.* 285, 55 *P.* 906, 43 *L. R. A.* 388; *Lowry v. Plitt*, 16 *Am. Law Reg.* (*N. S.*) 155. It was after a reference to the above conflicting authorities that the Supreme Court of Pennsylvania in *Pettigrew v. Pettigrew, supra,* announced that the question is an unsettled or open one of how far the will of a deceased person should prevail against the wishes of a surviving husband or wife, with the trend of American authority in favor of indulging the wishes of the deceased.

That the desires of the deceased person are to be accorded great weight upon the question of the burial of his body, cannot be questioned in the light of the cases. *Wilson v. Read*, 74 *N. H.* 322, 68 *A.* 37, 16 *L. R. A.* (*N. S.*) 332, 124 *Am. St. Rep.* 973. The wishes of the deceased are among the factors to be weighed in case of a controversy over the location of his last resting place. *Yome v. Gorman*, 242 *N. Y.* 395, 152 *N. E.* 126, 47 *A. L. R.* 1165. In *Neighbors v. Neighbors*, 112 *Ky.* 161, 65 *S. W.* 607, 608, the right of the wife and children of the deceased against his brothers and sisters, to select the place of burial was said to be paramount, "in the absence of testamentary disposition of the body"; and in *In re Donn, et al.*, (*Sup.*) 14 *N. Y. S.* 189, the orally expressed wish of a deceased widow was allowed to prevail over the desires of her children. *In re Bratt* (*In re Riegle's Estate*), 10 *Misc.* 491, 32 *N. Y. S.* 168, 169 holds that a testamentary wish as to deceased's burial place should prevail over the desires of the surviving husband. The broad language is used in *Cooney v. English, et al.*, 86 *Misc.* 292, 148 *N. Y. S.* 285, 286, that the authorities "all indicate that the wishes of the deceased in the matter [of his interment] are paramount to all other considerations." But "whether the decedent's directions are regarded as paramount or not, it is agreed in all the cases that they are entitled to respectful consideration whenever the question comes into court." *Pettigrew v. Pettigrew, supra;* and in

*Thompson v. Deeds,* 93 *Iowa* 228, 61 *N. W.* 842, 843, 35 *L. R. A.* 56, the court said—"It always has been, and will ever continue to be, the duty of course to see to it that the expressed wish of one, as to his final resting place, shall, so far as it is possible, be carried out."

.It is not the law that the wishes of the deceased concerning the place of his burial are to be gathered exclusively from a formally executed will, and that, if there is no will to reveal the decedent's wishes, the law can take no cognizance of his desires. Oral statements made by the deceased of his wishes in such matters are receivable by the courts and where satisfactorily shown are accorded the full weight of their significance in the light of all the facts attending their utterance. *Wood v. E. R. Butterworth & Sons, supra; Sacred Heart Church v. Schlowski,* 159 *Minn.* 331, 199 *N. W.* 81, 33 *A. L. R.* 1427; *Yome v. Gorman, supra; In re Richardson,* 29 *Misc.* 367, 60 *N. Y. S.* 539.

The answer of the administrator and brother in this case avers that it was the wish of Dr. Wales to be buried in the Wales family vault. It avers that for the space of approximately two years before his death, the complainant had alienated the affection and regard of her husband, and had also destroyed his happiness and peace of mind, by her intemperate habits and mode of living. The answer further avers that because of his wife's absence and incapacity and the residence elsewhere of the two daughters, Dr. Wales was without society or companionship in his home and frequently turned to his sister, Miss Elizabeth B. Wales, for solace and companionship; and as revelatory of the wishes of the doctor concerning the location of his final resting place after death, he had expressed to his sister late in the year 1935 and again early in the present year a desire and request that in case anything happened to him, he should be placed in the Wales family vault, and not with his wife when she, of course, should die. It is also averred that on at least three occasions between

October, 1934, and shortly before his death, Dr. Wales expressed to the funeral director who had officiated at the burial of certain of the Wales family relatives, a desire and wish to be buried in the Wales vault, after inquiring of the funeral director as to the amount of space left available in the vault.

The facts thus averred are for the present purpose to be regarded as though proved. They present the case of a conflict between the desires of the deceased and the wishes of his widow. In that case and in the light of the principles of law hereinabove stated, it is apparent that the complainant is not entitled to a decree notwithstanding answer.

The motion for such decree will be denied. Order accordingly.

NOTE. After final hearing on bill, answers and testimony of witnesses, the reasons set forth in the foregoing opinion were adopted in dismissing the bill of complaint.