KOON *v.* DOAN.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—STATEMENT OF QUESTIONS INVOLVED.

Questions as to informality or insufficiency of the pleadings and proofs are not discussed where no claim is raised relative thereto in the statements of questions involved

2. CORPSES AND BURIAL—REMOVAL—EQUITY—JURISDICTION.

Equity has jurisdiction to determine whether removal of a corpse will be permitted.

3. SAME—WISHES OF WIDOW AND CHILDREN.

Where a decedent has left no instructions as to burial, and the body is yet unburied, the wishes of the widow and children as a rule are paramount.

4. SAME—DISINTERMENT—COURTS.

After a body has been buried, the courts will not disturb the quiet of the grave unless there are good reasons to permit the disinterment.

5. SAME—DISINTERMENT—PUBLIC INTERESTS—RELATIVES—FRIENDS.
   In determining whether or not removal of an interred body
   will be permitted, there must be due regard to the interests
   of the public, the wishes of decedent, and the rights and
   feelings of those entitled to be heard by reason of relation-
   ship or association.

6. SAME—DISINTERMENT—DECEDENT'S DESIRES.
   Whether disinterment should be permitted or not depends upon
   the circumstances in each individual case and as a rule the
   desire of decedent as expressed by his words and actions
   should be respected.

7. SAME—DISINTERMENT—RECORD—RELATIVES.
   Decree dismissing bill brought by decedent's children, 13 months
   after his death, to have his body disinterred, cremated, and
   ashes sent to California for burial is affirmed where record
   indicates deceased had visited the cemetery in which he was
   later buried and had expressed his admiration of it as a
   burial place, religious and military services were held at the
   funeral, defendants with whom he had lived for the major
   part of 18 years had paid the funeral expenses and did not
   know he was divorced or had had a family and the family
   had not seen or visited him for a long period of time prior
   to his death.

Appeal from Macomb; Reid (Neil E.), J. Submitted February 17, 1942. (Docket No. 89, Calendar No. 41,920.) Decided March 17, 1942.

Bill by Hal C. Koon and others against Velma Doan and others to obtain permission for the removal of remains from a burial place. Decree for defendants. Plaintiffs appeal. Affirmed.

*Neale & Hirt,* for plaintiffs.

*Felix F. Silver,* for defendants.

BUTZEL, J. Major Lonzo F. Koon died on November 3, 1939, at Richmond, Michigan. For 18 years prior to his death, he had resided for a larger portion of the time in the same home in Detroit, Mich-

igan, with defendants Velma, Charles and Clayton Doan, and Myrna Doan Brophy, and enjoyed the closest friendship with them. He was almost a member of the Doan family. At the time of his death, he was engaged to be married to Velma Doan. He often visited the home that formerly belonged to defendants' parents at Richmond, made it his home while there, and died there suddenly. The lot in the cemetery at Richmond had become the property of defendants upon the death of their mother, in whose name the title stood. Major Koon had visited this cemetery with defendants and expressed his admiration of it as a burial place. Upon his death, his sister in North Carolina was notified by wire. She, together with another sister, two nieces, and a nephew attended the funeral. It was held with religious services. There were also military services conducted by soldiers from the United States Army Post at Selfridge Field. Defendant Velma Doan paid the funeral expenses, a part of which was repaid to her later on out of a pension check for the Major. One of the defendants testified that none of them knew that decedent had a divorced wife or children; none of the latter had attended the funeral. On December 26, 1940, plaintiffs, children of decedent, filed a sworn bill of complaint asking that they be permitted to disinter the body, cremate it and ship the ashes to California for burial in a cemetery where other children of deceased were buried. Plaintiffs reside in the west. A witness for defendant largely corroborates the answer filed, signed and sworn to by all defendants. It affirmatively sets forth that, to the knowledge of defendants, none of the plaintiffs either saw or visited their father, nor evidenced any interest in him over a long period of years prior to his death, and that the defendants did not know that deceased had a former

wife or children. The testimony shows that they had no word from plaintiffs at least up to the time of the filing of the bill of complaint. Plaintiffs filed no reply to this answer.

The trial judge refused to permit the disinterment, and in his decree stated that plaintiffs might freely visit the grave. They did not allege that this right had been previously denied them. In view of our decision, we refrain from discussing the informality or insufficiency of the pleadings and proofs, or whether plaintiffs even made out a case as no such claim is made in the statements of questions involved in the respective briefs, though the defendants alluded to it in the body of their brief.[*]

· Equity had proper jurisdiction. See *Keyes* v. *Konkel,* 119 Mich. 550 (44 L. R. A. 242, 75 Am. St. Rep. 423); *Wales* v. *Wales,* 21 Del. Ch. 349 (190 Atl. 109); *Yome* v. *Gorman,* 242 N. Y. 395 (152 N. E. 126, 47 A. L. R. 1165).

Other questions involved here have never been passed upon by this court, though there is no dearth of decisions from other States. Without reviewing them, we may state that where decedent has left no instructions as to burial, and the body is yet unburied, the wishes of the widow and children as a rule are paramount. *Wales* v. *Wales, supra.* However, after a body has been buried, the courts will not disturb the quiet of the grave unless there are good reasons to permit such disinterment. See *Yome* v. *Gorman, supra,* and the cases therein cited, including *Pettigrew* v. *Pettigrew,* 207 Pa. 313 (56 Atl. 878, 64 L. R. A. 179). In the *Yome Case,* the court said:

"The wishes of wife and next of kin are not always supreme and final, though the body is yet unburied. * * * Still less are they supreme and final

---

[*] See Court Rules Nos. 67, 68 (1933).—REPORTER.

when the body has been laid at rest and the aid of equity is invoked to disturb the quiet of the grave. * * * There will then be 'due regard to the interests of the public, the wishes of the decedent, and the rights and feelings of those entitled to be heard by reasons of relationship or association.''

In *Pettigrew* v. *Pettigrew, supra,* it was said:

''Whether the decedent's directions are regarded as paramount or not it is agreed in all the cases that they are entitled to respectful consideration whenever the question comes into court.

''In the absence of a surviving husband or widow the wishes of the next of kin are entitled to be considered with varying weight according to the nearness of the kinship and the personal relations between them and the decedent. A more distant relative, or even a friend, not connected by ties of blood, may have a superior right, under exceptional circumstances, to one nearer of kin, as was held in *Scott* v. *Riley,* 16 Phila. 106. * * * A reinterment involving a removal to another locality stands upon a somewhat different footing, and has been the cause of most of the litigation on the subject. * * * The presumption is against a change. The imprecation on the tomb at Stratford, 'Curst be he that moves my bones,' whether it be Shakespeare's own or some reverent friend's, expresses the universal sentiment of humanity not only against profanation, but even disturbance. When a case comes into court, the chancellor will regard this sentiment, and consider all the circumstances in that connection.''

Whether disinterment should be permitted or not depends upon the circumstances in each individual case. See annotations in 21 A. L. R. 651 and 33 A. L. R. 1432. As a rule, the desire of decedent, as expressed by his words and actions, should be respected. *Goldman* v. *Mollen,* 168 Va. 345 (191 S.

E. 627); *Cordts* v. *Cordts,* 154 Kan. 354 (118 Pac. [2d] 556). Decedent's real home for the 18 years prior to his death was with defendants. The record does not show that he had any contact with plaintiffs during this time. They did not seem to evince any interest in him or he in them. The very fact that they waited over 13 months after his death before taking any action and without any explanation for their delay is indicative of a lack of interest or association. Decedent was almost a member of defendants' family for 18 years. He would have been married to one of them had not death intervened. He was properly buried and, in all probability, where he wanted to be.

The circumstances in this case are such that we find no cogent or compelling reason to disturb the lower court's decree, which is affirmed, with costs to defendants.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.