16 Cal.Rptr. 811]

Appellate Department, Superior Court, San Diego

[Civ. A. No. 257392. Oct. 20, 1961.]

BENBOUGH MORTUARY, Respondent, v. WARREN S. BARNEY, a Minor, etc., et al., Appellants.

L. H. Lobel for Appellants.

Luce, Forward, Hamilton & Scripps and Marshall L. Foreman, Jr., for Respondent.

Before Glen, P. J., Monroe, J., and Toothaker, J.

THE COURT.—Plaintiff mortuary brought action to recover the sum of $1,204.60 for the funeral and interment of Melinda D. Widrig, deceased. The action is against Warren S. Barney and Gregory A. Barney, minor children of the deceased. Judgment was rendered against the defendants for the amount claimed and an appeal is taken on their behalf.

There is involved no dispute as to the facts. The case was submitted to the trial court upon stipulation as to the facts and the facts thus stipulated are before the court. It appears that the plaintiff mortuary rendered the services and no question is raised as to their reasonable value. It appears further that the estate of Mrs. Widrig did not have assets sufficient to pay the claim, and that her surviving husband, Clyde H. Widrig, was adjudicated bankrupt a few months after the death of his wife. The plaintiff therefore sought to recover from the estate of the minor children of the decedent.

Inasmuch as both defendants were minors there could be no binding contract to pay these expenses and no such claim is made. Plaintiff's sole claim of right to recover is based upon section 7100 of the Health and Safety Code. This section provides as follows:

" [Right to control disposition of remains; duty and liability for interment; devolution; prior directions of decedent—

Order of devolution.] The right to control the disposition of the remains of a deceased person, unless other directions have been given by the decedent, vests in, and the duty of interment and the liability for the reasonable cost of interment of such remains devolves upon the following in the order named:

"(a) The surviving spouse.

"(b) The surviving child or children of the decedent.

"(c) The surviving parent or parents of the decedent.

"(d) The person or persons respectively in the next degrees of kindred in the order named by the laws of California as entitled to succeed to the estate of the decedent."

 It is well established that the estate of the deceased is primarily liable for funeral expenses and the liability provided for in section 7100 is a secondary liability. It was contended by the plaintiff and respondent that the language quoted had the effect of making all of the heirs of the deceased secondarily liable for the expenses regardless of minority and that when the mortuary was unable to recover from the estate of the deceased or from the surviving husband that liability could be enforced against the property of the minor children of the deceased. This view was accepted by the trial court.

Counsel have carefully briefed the case but have been unable to locate any persuasive authority as to the proper construction of this section. The case, therefore, is a matter of first impression.

In *Enos* v. *Snyder*, 131 Cal. 68 [63 P. 170, 82 Am.St.Rep. 330, 53 A.L.R. 221], the right to the custody of the body of a deceased person and the liability for the expenses of interment thereof are discussed. At the time of that opinion the liability was determined in accordance with the rules laid down in sections 290 to 296 of the Penal Code. Section 292 provided for the liability for the payment of expenses and it provided, among other things, "If the deceased was not a married woman but left any kindred, the duty of burial devolves upon the person or persons in the same degree nearest of kin of the deceased, being of adult age and within this state, and possessed of sufficient means to defray the necessary expenses." These Penal Code sections were repealed at the time section 7100 was enacted. Those sections provided for responsibility for payment, and failure or refusal to defray the burial expenses subjected the person liable to punishment.

 It is clear that the enactment of section 7100 was intended to bring about a considerable change in the law as it then existed. It is uniformly held that a statute creating a new right or prescribing a new remedy is to be strictly construed. This rule is of particular force when the statute undertakes to create a liability which did not exist prior thereto. See *Cook* v. *Superior Court,* 12 Cal.App.2d 608 [55 P.2d 1227].

 Prior to the enactment of section 7100 it is plain that the children of the deceased were not liable for the expenses of burial if there was a surviving spouse. Even in those cases where there was no surviving spouse, the children were not liable if they were minors.

Applying the rules of construction to section 7100 it is to be noted that it is provided that "the liability . . . devolves upon the following in the order named." The first named is "The surviving spouse." It is a fair construction of the statute that the Legislature intended that if there was a surviving spouse that spouse had the right to determine the manner of the burial of the deceased in case there was no instruction in the will and was liable for the expense of the burial in case the estate of the deceased was insufficient. If it was intended that the children of the deceased should be held liable despite the fact that there was a surviving spouse the statute should have so provided. Likewise, if it was intended to change the law so that minors who had no right to contract as to the disposition of the remains were nevertheless liable the statute should have so provided. In the absence of such provisions it becomes apparent that under the facts involved in this case the estates of the minor defendants are not liable. The case must therefore be reversed with directions to enter judgment for the defendants and appellants.

Judgment reversed.