## In re ASBESTOS LITIGATION.

### Master File No. Misc. 85–100.

United States District Court,
D. Delaware.

Jan. 25, 1988.

---

## MEMORANDUM OPINION AND ORDER

N. RICHARD POWERS, United States Magistrate.

The matter before the Court is the motion of defendants for entry of a standing order requiring all plaintiffs seeking recovery for illness allegedly caused by exposure to asbestos particles to execute authorizations for the performance of an autopsy on their bodies if they should die prior to trial, which authorizations are to be communicated to their next of kin. According to the affidavit of Doctor Harry B. Demopoulos offered in support of the motion, an autopsy can provide a much more accurate diagnosis of a person's illnesses and their causes than may be achieved by examination of a living person. When examining a living person, only relatively small amounts of tissue specimens may be excised without causing severe pain or significant injury to the person. Naturally this problem is nonexistent with a corpse.

The Court is not inclined to grant a broad order requiring all plaintiffs in asbestos cases, regardless of the present state of their health, to sign an authorization for the performance of an autopsy upon their death. The Court has several reasons for denying the request. First, such an order will be unnecessary in many, if not most of these actions since the plaintiff will still be alive by the time of trial.

Second, although the defendants suggest that the Court would have authority to issue the order sought under Fed.R.Civ.P. 35(a), it is doubtful that a corpse is a "person" within the meaning of Rule 35. The contemplated order would only become operative upon the death of the plaintiff, and at that time Rule 35 ceases to apply. The Court probably has power to enter an order under Rule 34(a) that would be affective after the death of the plaintiff, *provided* the Court also has before it a co-plaintiff who has custody of the body. Under Delaware law the surviving spouse normally has the right to determine the disposition of the body. *See, e.g., Wales v. Wales,* 21 Del.Ch. 349, 190 A. 109 (1936); *Boyle v. Chandler,* 33 Del. 323, 138 A. 273, 275 (1927); *cf.* 29 Del.C. § 4707(d); 24 Del.C. § 1781. If the plaintiff has a spouse who is a co-plaintiff, the Court would have before it a party to whom such an order could be effective. But again, there is no guarantee that any of the plaintiffs living today will have a surviving spouse if they should die prior to trial. Consequently, a standing order issued by the Court will be ineffective in any case in which there is not a party in the suit to whom the autopsy order would apply upon the death of the plaintiff.

Upon the death of a party, a damage action may be maintained provided the personal representative of the deceased is substituted as a plaintiff, 10 Del. C. § 3704(a). Under the Federal Rules of Civil Procedure, this does not occur automatically. In order to effect a substitution upon death of a party, Rule 25(a) requires the entry of an order of the Court upon motion by another party or by the personal representative of the deceased party. Thus, except in actions where a spouse is a co-plaintiff, upon the death of the plaintiff the action will not have a party plaintiff to whom an autopsy order would be effective.

The Court's third reason for denying the motion is that it is unconvinced that the probative value of autopsy results is significantly higher in all cases than the results of an examination of a living person. Although Dr. Demopoulos's affidavit was uncontradicted the Court is wary of in effect giving that affidavit conclusive value in all present and future cases. Before the Court is willing to override the deeply held personal and religious opposition to autopsies that may be held by plaintiffs or their survivors, it must be convinced that an autopsy is likely to yield significantly more reliable evidence going to an issue of fact that is in dispute.

The Court's fourth reason is that a court directive that an autopsy be performed is an invitation to enter a procedural and emotional morass. It is not difficult to imagine that in many instances, upon the death of a spouse or close relative the obligation to have an autopsy performed will not be a pressing matter to the survivor. In some cases the obligation may be completely overlooked. In some instances the next of kin may be emotionally unable to authorize an autopsy. If the order is not complied with under these conditions, is the Court going to penalize the survivors? And if so, how? The Court is unwilling to risk involvement in such a predicament by routinely ordering all plaintiffs and their next of kin to be prepared to have an autopsy performed immediately upon the death of the plaintiff.

For the above reasons, the motion by defendants for an order directing all plaintiffs to execute autopsy authorizations is denied. Defendants are of course free to seek an appropriate order in an individual case where a plaintiff's medical condition is life-threatening and where the probative value of an autopsy is clearly superior to any other form of medical testing so that the relevancy of autopsy results outweighs the personal and religious opposition of the plaintiff or his family. In such instances, the particular plaintiff or his representative will be afforded an opportunity to oppose the motion.

Consequently defendants' motion for a standing order requiring all plaintiffs in the asbestos litigation to execute an autopsy authorization is denied.

IT IS SO ORDERED.