18,557.

R. F. CHAMBERS et al., *Appellants,* v. THE LAND CREDIT
TRUST COMPANY· et al., *Appellees.*

OPINION DENYING A REHEARING.

Appeal from Sedgwick district court, division No. 1;
THOMAS C. WILSON, judge. Opinion denying a rehearing filed July 7, 1914. (For original opinion of affirmance see *ante,* p. 30, 139 Pac. 1178.)

*W. P. Campbell,* of Wichita, and *M. C. Freerks,* of
Jamestown, N. Dak., for the appellants.

*H. C. Sluss,* and *O. A. Keach,* both of Wichita, for the
appellees.

*Per Curiam:* In a petition for a rehearing it is charged that
the following statement in the opinion is not true: "Upon a
challenge of the abstract, however, it is admitted that these
tables are not in the transcript." (*Chambers v. Trust Co.,* ante,
pp. 30, 41, 139 Pac. 1178.)

In view of this charge, the challenge, and reply to the challenge, are now stated. The challenge is:

"The appellees . . . challenge the correctness of appellant's abstract . . . and show that the following matter,
contained in said abstract . . . namely

" 'Plaintiff's Counsel:

" 'We offer in evidence all the books, papers, records and
evidences of debt belonging to The Land Credit Trust Company,
in the hands of the trustee and manager. But in order to relieve the court from examining them it is admitted that Exhibits
A, B-1, B-2, and B-3 annexed to the amendment to the petition
state the truth.

" 'By the Court: Is that admitted?

" 'Judge Sluss, after consultation with Mr. Keach: Let it go.'
is incorrect; that no such proceedings as is stated in the said
matter took place in the trial court."

The reply to the challenge is:

"The appellants acknowledge the service of the annexed challenge on this 20th day of February, 1914, and in reply thereto
admit that the transcript does not show the language and matter sought to be excluded from the abstract.

"Appellants do not know why it is that said matter does not
appear in the abstract as it should. In this connection the appellants offer and ask to have considered the annexed affidavit
of W. P. Campbell. The affidavit is made only for the purpose
of showing good faith in the preparation of the abstract."

The affidavit is of considerable length, but its contents are summarized in the petition for rehearing as follows:

"But the affidavit stated that the proceedings were truly set forth in the abstract. That it was in pursuance of a distinct understanding between counsel for appellant and Judge Sluss, of counsel for the directors, arrived at out of court. It would have been very inconvenient to bring into court the great mass of documentary evidence which would have showed the truth of the tables in the abstract, which are abstracted from the original exhibits attached to the amendment to the petition in the bondholders' suit."

Upon an examination of the transcript it appears that the petition in the Peter Brandt suit was introduced in evidence in the trial of ·this action. Attached to this petition are certain exhibits, including the tables referred to. That petition was competent evidence in this action upon the issue of estoppel by judgment, but was not evidence that the tables stated the truth. Plaintiff's attorney insists that their truthfulness was admitted before the trial of this action, but in his reply to the challenge he concedes that the admission is not in the transcript.

These exhibits are not in the transcript of the evidence. It is not necessary, however, that they should be, as they were among the files of the case at the time of the trial. (Civ. Code, § 575.) But the statement in the opinion that it was admitted that the tables were not in the transcript is inconsequential. The important fact is that it was not admitted that they stated the truth, and the reply to the challenge may be construed, as its author insists, to concede only that the transcript does not contain such an admission.

It is not claimed that the correctness of these tables was proved, and as the purported admission of their truthfulness contained in the abstract is not in the transcript they had no probative force, except as parts of a pleading in another action tending to show what issues had been previously tried.

While the affidavit states that the attorney for several of the defendants admitted out of court the correctness of these exhibits, there was no proof of such an admission on the trial, nor among the documents on file when the case was tried and decided. The code provides for a review in this court upon the record, of which the stenographer's transcript of evidence, and papers and exhibits filed with the clerk, including affidavits and depositions, are parts (Civ. Code, §§ 574, 575), but affidavits filed after the judgment on an appeal to this court are not parts of the record to be reviewed here.

It is stated in the petition for a rehearing that no charges of negligence were made in the pleading of the bondholders in the Peter Brandt suit against the trust company and that the state-

ment in the syllabus that the same charges of negligence were made against both the company and the directors is a mistake. In paragraph 7 of the petition in the Peter Brandt suit it was alleged that the trust company had permitted securities to be withdrawn without the substitution of other securities, as printed in the trust agreement; that it had received on deposit worthless securities, and invalid and uncollectable mortgages; had received securities which it had never placed on record as it was its duty to do, and that such record was necessary to preserve the securities. In paragraph 13 of the same pleading there is an allegation that to the knowledge of the trust company the mortgage company did not comply with its agreement concerning the valuation of lands, insurance, abstracts, and annual statements, and that the mortgage company in other ways, to the knowledge of the trust company, openly and shamefully violated the trust; that the trust company did not take title to notes and mortgages deposited with it as provided in the agreement, nor have the mortgages assigned; that securities amounting to thousands of dollars are not payable to any one and not enforceable; that "many of the mortgages have not been paid out upon, are valueless and represent a debt instead of a credit," although the trust company had agreed with the bondholders to faithfully discharge its duties as a trustee. In the cross-petition of other bondholders—after stating the trust agreement—it is alleged that believing and relying upon the representations of the trust company and the directors that the trust company and the directors would faithfully perform their duties, the bondholders purchased bonds of the mortgage company, but that "neither the defendant trust company nor the defendant directors performed any of the duties of said trust, but were guilty of a breach of said trust in each and every particular in which any duty was to be performed by either of them under said trust." This general claim is followed by specific charges that the trust company failed to safely keep the securities deposited with it, wrongfully permitted the withdrawal of securities, and wrongfully permitted the agents of the mortgage company to have possession and control of the securities so deposited. Other misconduct of the trust company is charged in the pleading, followed by a statement that "by reason of said wrongful acts and proceedings . . . on the part of the defendant trust company, and . . . the defendant mortgage company and its said officers, agents and employees, all induced, permitted and empowered by the negligence of the defendant directors," the amount of securities had been reduced to an amount stated; and that by reason of the premises the trust company and the directors are obligated to account to the bondholders for the amount of bonds so deposited,

and an account was prayed for accordingly, together with a personal judgment against the trust company as well as the directors.

These and other averments contained in the pleadings in the Peter Brandt suit, here referred to, show that the averment in the petition for rehearing, "that there is not a statement in any pleading charging negligence against the trust company," is a mistake.

It is again argued with great vigor and ability that the admission of parol proof to show that the judgment was entered upon a compromise was erroneous. It is also again insisted that the findings of the district court that negligence of the directors was not shown should be set aside. Upon both of these propositions the court adheres to the views expressed in the opinion.

The petition for a rehearing is denied.