No. 19,325.

I. N. CHAPMAN, as Executor, etc., et al., *Appellees*, v. BENJAMIN F. KENNETT and MARY E. KENNETT, *Appellants*.

SYLLABUS BY THE COURT.

1. WILL—*Contest—Expenses of Litigation—Properly Charged Against the Estate.* A testator whose estate was valued at $13,000 made bequests of two town lots, $500 and $1000 respectively, to three elderly women who had befriended him; $1000 to a children's home society; directed monuments to be erected over his grave and the graves of his son and stepson; and bequeathed the residue to a fraternal organization, and cut off a son and daughter with five dollars each. The daughter brought contest proceedings to set aside the will on account of mental incapacity and undue influence. The beneficiaries, except the fraternal organization, could ill afford the expense of litigation. The probate court authorized the executor to employ attorneys to maintain the will. The will was sustained, but the bequest of the residuary estate failed.

*Held*, that under all the circumstances it was not error to charge the expenses of the litigation against the estate.

2. SAME—*Contest of Will—Unsuccessful.* Where an heir brings an action to set aside her father's will on the grounds of mental incapacity and undue influence, she can not be said to have prevailed in such action when the will is sustained, although one bequest under the will fails, thereby.creating a residuary estate which descends to the heirs at law.

3. EXECUTOR—*Allowance for Services Not Excessive.* An allowance of $700 to the executor of an estate for services covering three years and a half, where the estate comprised miscellaneous real and personal property amounting to $13,000, is not necessarily excessive.

4. EQUITABLE REVIEW—*Probate Court Proceedings Not Entitled to Jury.* Section 3532 of the General Statutes of 1909, authorizing a trial by jury in the probate court on the allowance and payment of claims against the estate of a decedent, has no relation to the equitable review by the district court of the administration of an estate while in charge of the probate court.

5. SAME. In the equitable review by the district court of the administration of an estate by a probate court, a jury trial is not demandable as a matter of right.

6. SAME—*Review by District Court—Specific Findings of Fact Unnecessary.* It is not error for the district court to refuse specific findings of fact approving separately and *seriatim* a long list of items allowed by the probate court in the final settlement of an estate under an executor's management for a period of three and a half years.

Appeal from Geary district court; ROSWELL L. KING, judge. Opinion filed March 6, 1915. Affirmed.

*Lee Monroe,* of Topeka, and *W. S. Roark,* of Junction City, for the appellants.

*James V. Humphrey,* of Junction City, and *F. L. Williams,* of Clay Center, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This proceeding is to review the action of the probate and district courts of Geary county wherein an allowance was made for attorneys' fees for

services on behalf of the executor in an action to set aside the will of John C. Kennett. (*Kennett v. Kidd*, 87 Kan. 652, 125 Pac. 36.) It also seeks a review of the allowances made to the executor and other items charged against the estate of the testator. By agreement of parties both controversies were tried together in the district court.

To determine the propriety of these allowances it is necessary to examine the nature of the litigation and the services upon which they were claimed and allowed.

No copy of the will is before us but we gather from the abstract and briefs that, among other matters, it directed that three monuments should be erected within a year from Kennett's death, one over his own grave, and the others over the graves of his son and a stepson. Then followed bequests of two town lots to Mrs. Howard Kidd; $500 to Mrs. Ella Cornwell; $1000 to Mrs. Susan Taylor; $1000 to the Kansas Children's Home Society; and the residue to Camp No. 1704 of the Modern Woodmen of America of Milford, Kan. Benjamin F. Kennett and Mary E. Kennett, a son and daughter of the testator, were cut off with nominal bequests of five dollars each.

Mary E. Kennett brought suit to set aside the will, charging (1) mental incapacity of the testator, and (2) undue influence exercised over the testator by members of the Woodmen lodge at Milford. The defendants in the will case prevailed in the trial court, but this court modified the judgment, not on either of the main issues of mental incapacity or undue influence but on the sole point that one of the beneficiaries under the will, Camp No. 1704 of the Modern Woodmen, was without legal capacity to take the bequest. This resulted in a considerable residuary estate descending by operation of law on the son and daughter.

The beneficiaries, other than the *Woodmen* camp, could ill afford the burden of litigation. The three women who were the recipients of the testator's

bounty were elderly widows who had befriended the decedent and were deserving. The daughter who contested the will had been on bad terms with her father for many years, and it was not surprising that she had been disinherited by the will.

The probate court authorized the executor to employ counsel to maintain the will and allowed $1000 as attorneys' fees for such services. This allowance was approved by the district court. The executor's compensation for his services for about three and a half years was fixed by the probate court at $1200. This allowance was reduced by the district court to $700. Both of these items and certain others allowed by the probate court and approved by the district court are the grounds for this appeal.

It is argued by counsel that their client, Mary E. Kennett, won this suit over the will and that these allowances are made at her expense; that she and her brother are paying the expenses on both sides of a lawsuit in which they were the winners. This is hardly correct. Mary Kennett lost her lawsuit to set aside the will. But she and her brother were fortunate enough to snatch a partial victory from defeat because of the mere circumstance that one bequest of considerable magnitude failed and by law descended to them. We must, therefore, deal with this question from the viewpoint that the executor was successful in maintaining the will.

Now what is the law relating to the power of an executor, with permission of the probate court, to employ attorneys as was done in this case? Counsel for both sides direct our attention to numerous decisions from other jurisdictions, but let us examine our own statute. Section 3599 of the General Statutes of 1909 in part reads:

"Executors and administrators shall be allowed for their services such reasonable compensation as may be allowed by the court upon due hearing therefor had, at times and upon notice to be fixed by the court; also,

Chapman v. Kennett.

necessary attorneys' fees and other expenses as the court shall deem reasonable and necessarily incurred, to be ascertained upon like hearing."

In *Brown v. Quinton*, 80 Kan. 44, 102 Pac. 242, this court held that where attorneys were employed to assist an administrator in the discharge of his trust their claim was against the administrator, but he might be reimbursed out of the estate for attorneys' fees necessarily paid out as expenses of administration. The case is not exactly like the one before us, but it shows that proper expenditures for such purposes may be allowed to the administrator.

In *Brown v. Quinton*, 86 Kan. 658, 122 Pac. 116, which was a sequel to the earlier case, the court said:

"Expenses incident to administration, such as those incurred by the employment of counsel, are ordinarily such as render the administrator primarily liable individually, although in the end he may be reimbursed out of the estate in his hands." (p. 666.)

In *Nelson v. Schoonover*, 89 Kan. 779, 132 Pac. 1183, a contested will was held to be invalid in an action against the executor, but the court decided that the executor should be relieved from personal liability for any costs, and ordered the costs divided between the executor and the plaintiff who prevailed in the action. Moreover the court noted the fact that as the plaintiff received nearly all of the estate as a result of its decision, the "winner" in effect would have to stand the entire cost of the litigation; and this was entirely in accord with equity in that case. The court in its opinion said:

"As between the executor, representing the estate, and the plaintiff, the apportionment of costs is only a formal matter, since ultimately the entire burden falls upon the plaintiff, as all charges against the estate, unless otherwise provided for by him, must be paid out of the proceeds of the sale of land that would otherwise be his. As a matter of form, however, the costs in this court and in the district court will be divided equally between the plaintiff and the executor." (p. 781.)

A still later case is *Singer v. Taylor*, 91 Kan. 190, 137 Pac. 931, where attorneys' fees were allowed to the unsuccessful party out of the estate of the testator. In some respects that case was much like the one under consideration. A daughter contested the validity of her father's will on the ground that it was the result of undue influence. She also alleged that a certain provision of the will was ineffectual and that the ineffectual bequest must be divided according to the law of descents and distributions. Although the daughter lost her lawsuit (*Singer v. Taylor*, 90 Kan. 285, 133 Pac. 841), the court permitted the costs to be taxed against the estate and allowed reasonable attorneys' fees to be paid out of the estate for the defeated as well as the successful party.

In view of the foregoing, it is unnecessary to examine the wide range of authorities cited by counsel further than shown in their respective briefs. The employment of attorneys in this case was approved and authorized by the probate court before any expenses of litigation to maintain the will were incurred; and the whole matter was reviewed and approved by the district court. The litigation upon which the executor embarked was successful in every respect except in the matter of one bequest where the beneficiary lacked the legal capacity to receive it. The district court heard the evidence as to the extent of the attorneys' services, considered their talents and the result of their professional labors, and found their compensation as allowed by the probate court to be reasonable. It does not appear excessive and we see no reason to modify it.

Another error assigned was the allowance of $700 to the executor for his services. The probate court awarded the executor $1200 and this amount was reduced by the district court. The executor's services extended over three and a half years; the property in his charge amounted to $13,000; the reduced allowance is not large; and an independent determination of its propriety would be the substitution of this court's

judgment for that of the district court on a mere finding of fact. This is seldom done, and it would not be just to further modify the allowance made to the executor by the probate court.

Complaint is made in appellants' brief, although not specifically mentioned in their assignment of errors, touching the employment of high-priced auctioneers and expenses incident to the sale of the testator's personal property, which consisted of hardware, dry goods, drugs, lumber and notions. It is characterized in the record as a "motley collection," "all kinds of merchandise and of all eras and ages"; some of which had been on hand "since '59." It was sold for ninety-four per cent of its invoice value, and sixty-five per cent of such value was realized after deducting all the expenses of keeping, invoicing and selling the property. The net result is not subject to serious criticism.

The various allowances made by the probate court were *prima facie* correct. On many of the criticized items no evidence was introduced to controvert them or against their reasonableness; and a general finding of the district court approving the final account, except as modified on the executor's personal allowance, is sufficient.

Still another complaint to be disposed of is the district court's refusal of a trial by jury; and section 3532 of the General Statutes of 1909 is cited as the authority for this right. That section relates to the right of a trial by jury in the probate court on a demand for the allowance and payment of a claim against the estate, and has no reference to the procedure in the district court in an equitable review of the final settlement approved by the probate court. Such a review covers many and various orders and disbursements and involves a multitude of transactions, in the reviewing of which the services of a jury would be utterly impracticable. A jury trial is not required in such a case; it is not the practice to grant a jury, and it was properly refused.

The judgment is affirmed.