Downes v. Berryman.

No. 26,516.

John S. Downes et al., *Plaintiff*, v. J. W. Berryman et al., *Appellants*, J. W. Johnson, Supervisor, etc., Successor to L. E. Roush, Intervener, *Appellee*.

SYLLABUS BY THE COURT.

Building and Loan Associations—*Actions—Costs—Attorney Fees of State Supervisor*. The state supervisor of building and loan associations interpleaded in an action between a building and loan association and certain of its stockholders. At the conclusion of the litigation in district court an order was made requiring the association to pay the intervener's attorneys' fees. *Held*, error.

Appeal from Shawnee district court, division No. 1; James A. McClure, judge. Opinion filed March 6, 1926. Reversed.

*John S. Dean* and *Harry W. Colmery*, both of Topeka, for the appellants.
*Frank Doster* and *J. E. Addington*, both of Topeka, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: This controversy presents the question whether the state supervisor of building and loan associations is entitled to an allowance of attorneys' fees from the defendant, a building and loan association, on account of intervention in an action between it and certain of its stockholders. The allowance was made, and defendant appeals.

On December 27, 1923, the plaintiff, a stockholder of the defendant, filed an action for himself and other stockholders similarly situated to enjoin some of the individual defendants from voting certain stock held by them and proxies they had obtained, at a meeting of the stockholders of the defendant association to be held January 22, 1924. Answer and amended answer were filed, and issues joined. A commissioner was appointed by the court to preside at the meeting of the stockholders. In due time he reported to the court, and the controversy, as between plaintiff and defendants, was determined by a decree from which no appeal was taken. In the meantime, on January 9, 1924, the state supervisor of building and loan associations, with permission of the court, filed an intervening petition in the case. Controverted questions raised by the pleadings need not be detailed. At the conclusion of the controversy attorneys for the

Building and Loan Associations, 9 C. J. p. 988 n. 30. States, 36 Cyc. pp. 923 n. 54, 924 n. 70.

intervener filed an application asking for the allowance of fees to be paid by the defendant association. The defendant contested the application on the ground that it was not liable therefor. The matter was briefed and heard by the court, and an order entered directing the defendant to pay the intervener $1,500 as compensation for his attorneys.

The defendant contends that there is no authority for such an allowance. It also argues that, at the time the intervening petition was filed, a controversy already existed between the defendant association and certain of its stockholders; that all the questions involved in the intervener's petition, were brought in issue, save and except the single point as to whether or not a twenty-million-dollar increase in the capital stock of the association, made on June 27, 1919, was a valid exercise of its corporate powers; whether or not such stock, which had been sold, and which constituted a large proportion of the outstanding stock of the association, was or was not legal. It contends that, if the intervener's position had been sustained, the affairs of the defendant would have been thrown into inextricable confusion; that neither plaintiffs nor defendants questioned the legality of this issue of stock; that in the nearly four years previous to the commencement of this action, the intervener and his predecessors had made numerous examinations of the affairs of the defendant, and had made no complaint or criticism on account of such issue, had served no notice upon defendant requiring it to desist from the issuing of such stock, nor to desist from recognizing its liability thereon; that no stockholders, and no officer of the defendant association, nor any other interested party questioned the legality of such stock.

The intervener argues that he raised important and meritorious questions which were not in issue between plaintiff and defendants, also that defendant admitted · liability for the fees and is now estopped from denying such liability. He directs attention to a statement in defendants' brief in the trial court which reads:

"We do not object to the allowance of some fee to counsel for the intervener, the court having already indicated that some fee should be allowed, but we think that the amount of $2,000 is entirely out of proportion to the value of the service rendered in this particular litigation."

It appears that the defendant objected to the payment of any attorneys' fees by it to the intervener, but, that the court, having

decided that the defendant should pay some fee, the defendant filed a brief in which the quoted language was used.

The journal entry of allowance of fees, in part, reads:

"Now, to wit, April 27, 1925, at the April term of court, the application of J. W. Johnson, supervisor of the building and loan bureau, for an order to the Ætna Building and Loan Association for the payment to the law firm of Addington & Doster—J. E. Addington and Frank Doster—of attorneys' fees for services in the above cause on the intervening petition of said J. W. Johnson, supervisor, came on for decision, and the same having heretofore argued and considered:

"It is ordered and adjudged, That said Ætna Building and Loan Association is liable to said Addington & Doster for said attorneys' fees, and that the sum of $1,500 is a reasonable amount for said services."

The particular question presented is whether the question of the allowance of a fee to be paid by the defendant to intervener was presented to the trial court, and such a ruling invoked thereon as to enable the defendant to press such allowance as error. From all the circumstances we are of the opinion that the question was sufficiently presented to the trial court, and the alleged error is properly here for review. We are also of opinion that there was no substantial legal basis for requiring the defendant to pay the intervener's attorneys' fees. As authority for such allowance, the intervener cites *Singer v. Taylor,* 91 Kan. 190, 137 Pac. 931, and *Chapman v. Kennett,* 94 Kan. 535, 146 Pac. 1153, actions involving the validity or interpretation of wills. The principles there enunciated are not applicable to the facts in the instant case.

The state supervisor of building and loan associations is under the supervision of the bank commissioner. As such state official, he is entitled to the counsel and services of the attorney-general. If, for any valid reason, the attorney-general's services are not available, attorneys' fees may, in a proper case, be paid from the bank commissioner's contingent fund.

The judgment is reversed and the cause remanded with directions to set aside the order requiring payment by the defendant of the intervener's attorneys' fees.

HARVEY, J., dissenting.