No. 30,821.

HAROLD MEDILL, Present Administrator, In the Matter of the Estate of A. J. McLintic, Deceased, *Appellant,* v. HARRY MCINTIRE, Former Executor, *Appellee.*

(16 P. 2d 952.)

Opinion filed December 10, 1932.

*Harold Medill,* of Independence, *pro se.*

*R. O. Robbins,* of Sedan, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal involves the right of one named as executor of a will admitted to probate to compensation for his own services and expenses as executor, and also compensation for the services and expenses of an attorney employed by the executor to represent the estate in the probate court and also in litigation that arose as to the validity of the will wherein it was determined that the will was a forgery.

A. J. McLintic died on December 1, 1929, leaving his daughter, Aloysia Hussar, then a resident of California, as his only heir. On December 17, 1929, an administrator of the estate of the deceased was appointed and duly qualified on December 17, 1929. Harry McIntire subsequently appeared in the same court having in his possession what purported to be the will of McLintic and asked that the will be admitted to probate and that he be appointed as executor of the will. After a hearing the instrument was admitted to pro-

bate as the last will and testament of A. J. McLintic, deceased, and McIntire was appointed executor. Shortly afterward Aloysia Hussar brought an action in the United States district court in Kansas to set aside the purported will on the ground that it was a forgery, and in May, 1932, a trial was had in that court, which resulted in a judgment holding that the purported will previously admitted to probate was a forgery, and the court set it aside and entered a decree declaring that Aloysia Hussar be restored to her rights as heir at law of A. J. McLintic, deceased.

On May 28, 1931, a certified copy of the decree of the United States district court was filed with the probate judge who had admitted the will to probate, and that judge on June 1, 1931, spread the decree on the records of his court and entered an order adopting the findings of the decree and at the same time canceled the letters testamentary issued to McIntire. Following this action McIntire was ordered to file a final account as executor, and on June 1, 1931, Harold Medill was appointed administrator of the estate and qualified and is still acting as administrator.

Thereafter McIntire filed a report with the probate court and asked for allowance of fees and expenses as executor, and for a reasonable attorney's fee and expenses for one R. O. Robbins, his attorney, in the litigation which followed his appointment as executor. These were allowed by the probate court. An appeal was taken from the decision of the probate court to the district court on the allowance made and that court, upon the evidence submitted, awarded the executor $50 for his services and $40 for his expenses in the proceedings in the probate court. A further allowance was made of $25 for his services and $45 for his expenses in connection with the suit in the federal court in the contest of the will. There was an additional allowance to his attorney of $75 as a fee and $4.85 as expenses of his attorney in acting for the executor in connection with the proceedings in the probate court, and for the contest of the will he was allowed a fee of $175, as well as $92.75 expenses in connection with the contest case, making a total of $507.60, which was deducted from the amount of funds in his hands, $1,331.70, and it was adjudged that he turn over $824.10 to the administrator. A motion was made for a new trial on the general grounds that the judgment was contrary to law and to the evidence, and abuse of discretion of the court. Exception was also taken to rulings in re-

stricting the cross-examination of a witness. This motion was overruled, and from the judgment this appeal was taken.

The plaintiff contends that it having been established that the will was a forgery, there can be no recovery against the estate by the executor for services and expenses in administering it up to the time the invalidity of the will was finally determined. When a will was found and in it McIntire was nominated as executor, he had the right to procure the probate of the same; and when it was admitted to probate and he had been regularly appointed as executor, he became the personal representative of the estate and had the right to administer it and to defend the will, and thus carry out the will of the testator as expressed in the instrument. An executor who acts in good faith is entitled to reasonable compensation for his services and necessary expenses in the execution of the will. The statute provides that:

"Executors and administrators shall be allowed for their services such reasonable compensation as may be allowed by the court upon due hearing therefor had, at times and upon notice to be fixed by the court; also, necessary attorneys' fees and other expenses as the court shall deem reasonable and necessarily incurred, to be ascertained upon like hearing," etc. (R. S. 22-919.)

In a case where a will was declared invalid after the administration of the estate had proceeded for a time, a question arose whether the executor who had performed services and incurred expenses therein should be allowed therefor, and the court held that the executor was entitled to charge the estate with his expenses necessarily incurred in conducting the litigation to determine whether real property of the estate was chargeable with and liable for certain obligations of the estate. As the executor was a lawyer and performed services in that capacity, for which compensation was claimed, it was decided that under the circumstances the court might take such services into consideration in making an allowance for his services and expenses, as the executor's services had saved the estate the expense of the employment of an attorney. The court, it was held, had the discretion to determine whether the litigation was actually necessary and also that the charges made were fair and reasonable in view of the circumstances of the estate. (*Nelson v. Schoonover*, 89 Kan. 779, 132 Pac. 1183.)

In another case where the action was brought to contest a will on the ground of undue influence on the testator in the making of the will and also to have some of its provisions interpreted, the will was

held to be valid. A question arose as to allowances for costs and expenses of the litigation, and it was held to be competent for the court to allow reasonable fees out of the estate to the defeated as well as the successful party. (*Singer v. Taylor,* 91 Kan. 190, 137 Pac. 931.)

The general rule as to such allowances is stated as follows:

"Subject to the general requirements of good faith and reasonable prudence, an executor or administrator is entitled to employ and pay an attorney for advice in reference to the management of the estate, the performance of legal services which the representative cannot himself perform, and the prosecution or defense of actions or suits on behalf of or against the estate, and is entitled to credit in his account or indemnity from the estate for the reasonable charges of counsel and the costs and other expenses of litigation. It is not necessary to entitle the representative to this allowance that he should have been successful in the litigation which he undertook, but he is entitled thereto regardless of whether he succeeds or fails, provided the litigation relates to property of, or claims in favor of or against, the estate, was undertaken and conducted in good faith, and with reasonable prudence, for the' benefit of the estate, and was reasonably necessary, either because the rights concerned were complicated and conflicting, or because the questions involved in the dispute were such that there might reasonably be an honest and sincere difference of opinion as to the proper solution thereof." (24 C. J. 97.)

See, also, *Brown v. Quinton,* 80 Kan. 44, 102 Pac. 242; *Brown v. Quinton,* 86 Kan. 658, 122 Pac. 116; *Chapman v. Kennett,* 94 Kan. 535, 146 Pac. 1153.

There is always involved in such allowances the elements of good faith in the executor or administrator, and also the question of the necessity for the employment of an attorney to protect the interests of the estate. While the will was finally adjudged to be a forgery, in the present case, the trial court on consideration of the question of the good faith of the executor and his attorneys made the following finding:

"The court further finds that neither Harry McIntire, former executor under the will of A. J. McLintic, deceased, or R. O. Robbins, his attorney, had any knowledge of any forgery of said will or that the will was invalid and acted in good faith in securing the probate thereof and the appointment of Harry McIntire as executor thereof, and in all of their services as such executor and attorney, both in the probate court of Chautauqua county, Kansas, and the U. S. district court for the district of Kansas, acted in good faith believing said will to be genuine."

Upon the evidence, the finding is conclusive upon this court as to the good faith of the executor and his attorney. The plaintiff, in what purports to be a supplemental abstract, has set out statements

of facts transpiring long after the rendition of the judgment in the case and subsequent to the taking of this appeal. These matters were evidently presented for the purpose of impeaching the good faith of the executor and to show that he was guilty of the forgery. These occurrences were not presented to the trial court and are not in the abstract of the record. This paper purporting to state extraneous facts cannot be considered as a part of the record and therefore is not open to our consideration in this review. Counsel for the appellant in presenting the case frankly stated that the statements mentioned are no part of the record in the case and have no proper place in the abstract. In our review we are confined to the record and the proceedings in the trial court, and statements of facts outside of the record cannot of course be considered. (*Chambers v. Land Credit Co.*, 92 Kan. 1032, 142 Pac. 248; *Shipping Association v. Railway Co.*, 97 Kan. 235, 154 Pac. 1126; *Wideman v. Faivre*, 100 Kan. 102, 108, 163 Pac. 619; *Machinery Co. v. Schierkolk*, 101 Kan. 77, 165 Pac. 854; *Wenzel v. Milling Co.*, 113 Kan. 338, 214 Pac. 406.)

There is a complaint that the court unduly restricted the cross-examination of the executor as to the funds in his hands belonging to the estate. There is nothing substantial in this complaint. A question was asked, and on objection excluded, relating to a matter which was not in testimony in the direct examination. Besides, there was no real contention in the case as to the amount of funds of the estate in the hands of the executor.

On the record presented we find no error, and therefore the judgment is affirmed.