CENTRAL FARMERS TRUST COMPANY, a corporation, *Appellant,* v. JANICE POWERS PINKHAM, joined by her husband, CLIFFORD D. PINKHAM, as sole acting executrix of the estate of B. W. MULFORD, deceased, and SALERNO DEVELOPMENT COMPANY, a corporation, *Appellees.*

146 So. 563.

En Banc.

Opinion filed February 21, 1933.

Re-hearing denied March 7, 1933.

*Coleman & Cook,* for Appellants;

*Crawford & May,* for Appellees.

PER CURIAM—B. W. Mulford died in .Palm Beach County, Florida, on June 25th, 1926. On the 3rd day of July of that year a purported last will and testament of the said Mulford was presented for probate in the County Judge's Court of Palm Beach County. The will was probated. Petition was filed to revoke the probate of the will. An order was entered dismissing the petition. Appeal was taken to the Circuit Court. The order of the probate court was affirmed. From that order appeal was taken to this Court. This Court held that the decedent did not possess testamentary capacity at the time the alleged will purported to have been executed and that such pretended will was of no force and effect. We reversed the decree of the Chancellor and directed that an order be entered by the Chan-

cellor reversing the order of the probate court in dismissing the petition and further directing that an order be entered in that court revoking the probate of the will. See Mulford v. Central Farmers' Trust Co., 99 Fla. 600, 126 Sou. 762.

On the 6th day of April, 1931, the complainants, who are appellees here, filed their amended bill of complaint in the Circuit Court of Palm Beach County against Central Farmers' Trust Company in its corporate capacity, not as the Executor under the spurious will, in which suit it was sought to procure an accounting to the complainants by the defendant for those assets of the estate of B. W. Mulford, deceased, and which it was alleged had been wrongfully disposed of and wasted by the defendant principally in the unauthorized handling of the affairs of a certain corporation owned almost entirely by the decedent known as Salerno Development Company.

There was a demurrer to the bill of complaint.

The questions which appear to us to be presented are:

First. Is the property of a corporation substantially owned by a decedent and controlled by his purported executor to be administered as assets of the estate pursuant to the statutes governing the administration of the estates of the decedents?

Second. Has the court of chancery jurisdiction to inquire into the operation of the business of a corporation which was substantially owned by a decedent when the affairs of that corporation have been taken over by a purported executor under a void will where it is alleged that such operation resulted in the dissipation and waste of practically all the assets of the corporation and when it is alleged that such dissipation occurred pending proceedings brought for the purpose of revoking the spurious will and in which proceedings such will was held to be invalid?

The will under which the defendant in the court below purported to act is not made a part of this record, but as we do not think the terms of the will are material here there is nothing lost by this non-appearance in this record at this time. The question here presented is by demurrer and touches only the jurisdiction of the court to inquire into and adjudicate a matter of this character. By the order overruling the demurrer, the Chancellor answered both of the questions, as we have stated then above, in the affirmative and in this there was no error. To what degree and in what amount the defendant may be held liable is a question to be later determined upon consideration of evidence pro and con. It appears to us that the questions are so elementary and the affirmative answer so well established that no citations are required to support an affirmance of the order of the Chancellor in that regard.

It appears from the record, however, that when considering the special demurrers to the bill the court sustained a demurrer to that portion of the amended bill which reads as follows:

"That in many other ways known to defendant, but unknown to your orator, the defendant wasted and dissipated the assets of said Salerno Development Company;"

and overruled all other grounds of such special demurrers.

The language above quoted was contained in the 18th paragraph of the amended bill of complaint and followed specific allegations of waste and mismanagement. We think that by sustaining the demurrer to this allegation the Court in effect held that the complainant would be confined to proof of the specific allegations of misconduct and misuse of funds. We adhere to the rule that where legally unauthorized acts are relied upon as a basis for recovery the particular acts complained of must be alleged and it is

not sufficient to allege mismanagement in general terms. Therefore, there was no error in sustaining the demurrer to this allegation. In suits of this character, however, where an accounting is sought it may develop at the hearing that all items of waste and wrongful depreciation have not been alleged in the bill of complaint, and in such event the complainant should not be limited by denying timely motion to amend so as to exclude the introduction of proof concerning such matters if they are shown to have been beyond the knowledge of the complainant when the suit was filed, but peculiarly within the knowledge of the defendant.

The appellant by demurrer raised the question as to whether or not Salerno Development Company could be joined as a party complainant in this suit for an accounting. Salerno Development Company is shown by the record to be a party at interest and although the chief purpose of the suit is to procure an accounting on behalf of the Executrix of the estate of Mulford, the deceased, the affairs of the corporate entity of Salerno Development Company are so identified with the estate of the deceased as to make it a proper party to the suit.

For the reasons stated, the orders appealed from should be affirmed and it is so ordered.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, C. J., concurs specially.

DAVIS, C. J.—I concur in the result, but not in that portion of the opinion which seems to hold that because a corporation is substantially owned by a decedent, its affairs can be administered by decedent's executor as assets of the decedent's estate. On the other hand, I fully agree to the proposition that where a personal representative has wasted the assets of a corporation, substantially owned by a de-

cedent and controlled by the personal representative, in his representative capacity, that it is within the jurisdiction of equity to have an accounting from the representative as to his management of the corporator's affairs, while he was purporting to manage these affairs in his representative capacity. Royal Indemnity Company v. Knott, 101 Fla. 1495, 136 Sou. Rep. 474; Opitz v. Morgan, 68 Fla. 469, 67 Sou. Rep. 67; Gordon v. Simonton, 10 Fla. 179. See also Button v. Hoffman, 61 Wis. 20, 20 N. W. 667.