CENTRAL FARMERS' TRUST CO. v. JANICE POWERS PINKHAM, *et al.*

161 So. 273.
Division B.
Opinion Filed January 24, 1935.
Rehearing Denied March 12, 1935.
On Second Rehearing May 2, 1935.

*Coleman & Cook,* for Appellant;

*Joel W. Massie* and *Crawford & May,* for Appellees.

TERRELL, J.—November 20, 1925, B. W. Mulford executed what purported to be his last will and testament devising his entire estate to William B. Mulford of Seattle, Washington, Helen C. Osborn of Salerno, Florida, and Janice Powers of West Palm Beach. The beneficiaries were made sole executors under the will.

On June 23, 1926, B. W. Mulford executed a second instrument purporting to be his last will and testament in which he named the same persons named in the first will and many others as beneficiaries. In the last will the Central Farmers' Trust Company of West Palm Beach was named as executor and all other wills made by the testator were revoked.

B. W. Mulford died June 26, 1926, and on July 3, 1926, his will executed June 23, 1926, was presented to and admitted to probate by the County Judge of Palm Beach County. Letters testamentary were duly issued to the Central Farmers' Trust Company which immediately began

the performance of its duties as such and continued so to do until May 8, 1930.

In April, 1927, the beneficiaries and executors under the will of November 20, 1925, instituted proceedings in the County Judge's Court of Palm Beach County, to revoke the probate of the will of June 23, 1926, under which Central Farmers' Trust Company was named and was acting as executor. Said proceedings were on motion dismissed and on appeal to the Circuit Court that order of dismissal was affirmed but on appeal to this Court the order of the County Judge's Court as affirmed by the Circuit Court was reversed with directions to dismiss the proceedings and revoke the probate of said will. Mulford v. Central Farmers' Trust Company, 99 Fla. 600, 126 So. 762.

May 8, 1930, pursuant to the mandate of this Court in the last cited case, the County Judge of Palm Beach County entered its order revoking the probate of the will of June 23, 1926. Said order of revocation also required Central Farmers' Trust Company to forthwith file in the County Judge's Court within five days a just and true return and accounting of its acts and deeds as executor of said revoked will.

On May 16, 1930, Central Farmers' Trust Company in compliance with said order filed its return and accounting as executor of said will, wherein it prayed that it be allowed the sum of $1800 as fees and compensation for services rendered as executor thereof from July 3, 1926, to May 8, 1930.

June 10, 1930, letters testamentary were issued to Janice Powers Pinkham as executrix of the will of November 20, 1925, and on the same date of said appointment, with W. B. Mulford as beneficiary, she filed in the County Judge's Court written exceptions to portions of the return and ac-

counting of Central Farmers' Trust Company as executor of the will of June 23, 1926, but said objections did not attack the allowance of $1800 as fees and compensation 'for services as executor of said will.

Pursuant to order duly entered Central Farmers' Trust Company filed in the County Judge's Court of Palm Beach County on December 16, 1930, a return and accounting showing the receipts and disbursements of the assets of Salerno Development Company, substantially all of the stock in which was owned by the testator, B. W. Mulford, at the time of his death and passed to the beneficiaries named in his will. This report covered the period from July 3, 1926, to June 25, 1930, same being the tenure of the executorship of Central Farmers' Trust Company of the will of June 23, 1926.

March 21, 1932, the County Judge of Palm Beach County entered his order overruling all exceptions of Janice Powers Pinkham to the return and final accounting of Central Farmers' Trust Company as executor of the will of June 23, 1926, and approved said accounts as filed.

On January 15, 1931, the beneficiaries under the will of November 20, 1925, appellees here, instituted this suit in the Circuit Court of Palm Beach County, the amended bill of complaint alleging that Central Farmers' Trust Company as executor under the will of June 23, 1926, made improper expenditures of the funds of said estate which it should be required to restore. A demurrer to the amended bill was sustained and on appeal to this Court the decree of the Circuit Court was affirmed. Central Farmers' Trust Company v. Pinkham, et al., 108 Fla. 355, 146 So. 563.

On the going down of the mandate in the last named cause the defendant, Central Farmers' Trust Company, on April 3, 1933, filed its answer and counterclaim in the Cir-

cuit Court in and by which it set up the performance of the services as executor of the revoked will, that compensation for said services was requetsed on final accounting and was not objected to by the plaintiff, that said accounting was approved by the probate court but that the plaintiff has neglected and refused. to pay such compensation or any part of it.

On June 5, 1933, the counterclaim was dismissed and the instant appeal was prosecuted from that order. The effect of the dismissal of the counterclaim was to deny Central Farmers' Trust Company any relief or compensation for administering the will of June 23, 1926. Was such relief properly denied, may be stated as the sole question brought here for determination.

It appears that compensation as executor was denied below solely on the theory that the will of June 23, 1926, was revoked. The record discloses that Central Farmers' Trust Company was designated as executor in the will, that it qualified and acted as such during the pendency of the litigation to test the validity of said will, that is to say from July 3, 1926, the date of its appointment, to June 25, 1930, the date it turned the estate over to the executrix under the will of November 20, 1925. It is further shown that during this period the executor performed all the duties devolving on it as such under the law, that it conserved, collected, and paid out the funds of the estate, that no complaint was made of its management of the estate, and that no administrator *pendente lite* was applied for or appointed during the period of its administration.

. Under such circumstances the administrator was in the position of a trustee and was required to assume the validity of the trust imposed in it until successfully impeached. It was also required to take care of and manage the trust for

the beneficiaries until it was impeached or concluded. There is no charge of bad faith or wrong management. Saunders v. Richard, 35 Fla. 28, 16 So. 674; Barry v. Walker, *et al.*, 103 Fla. 533, 137 So. 711, 28 R. C. L. 376.

Under such circumstances the general rule is that an executor is entitled to receive reasonable compensation commensurate with the labor and capacity required in managing the affairs of the estate. The fact that the will appointing the executor is afterwards found to be invalid will not deprive it of reasonable compensation for services necessary and rendered in good faith. Medill v. McIntire, 136 Kan. 594, 16 Pac. (2d.) 952, 23 Corpus Juris 1109, Section 293; First Trust and Savings Bank v. Henderson, 101 Fla. 1437, 136 So. 370.

For the reason so stated it was error to deny the appellant compensation for its services as executor of the will of June 23, 1926. The judgment is accordingly reversed with directions to the Chancellor to make such allowance as is commensurate with the labor and capacity required in managing the affairs of the estate.

Reversed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN, and DAVIS, J J., concur in the opinion and judgment.

### ON REHEARING.

PER CURIAM.—In the petition for rehearing it is suggested that this Court, from the record, make a proper allowance to appellant for its services as administrator. It appears that the court below denied compensation on the theory that the will was held bad. Whether this is true or not the record is not in such shape that we feel that we would be assured in making such allowance.

It is also suggested on rehearing that the Court overlooked the question raised by the cross assignment of the appellees. The cross assignments raised the question of the validity of the approval of an accounting by the County Judge.

We did not overlook this and other questions raised by the cross assignments. From the record we were not and are not now convinced that the appellant exceeded the authority given him in the will. On a re-examination of the record, we have decided to reverse the judgment below without prejudice to the appellees to raise and litigate the questions involved in the cross assignments in the proceedings to determine what amount of compensation should be allowed the appellant.

It is so ordered.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

## ON PETITION FOR REHEARING.

PER CURIAM.—On petition for rehearing it is contended that in view of our holding and order in the main opinion refusing to strike the counterclaim that we should have gone further and have held: (1) That the part of the answer (Sections Twenty and Twenty-one) alleging that the matters complained of were done in accordance with the directions of the will would be a complete defense to the bill for accounting if proven; and (2) That the portion of the answer setting up that the matter involved in said accounting is *res adjudicata* and would be a complete defense to said bill for accounting if proven.

On consideration we think the contention of petitioners would in the main necessarily follow from the holding in

the former opinion. The record discloses that the return and final accounting of the executor were approved by the probate judge and it is not suggested that his action in doing so was erroneous or that the accounting was in any respect irregular.

From this it follows that the order of the Chancellor refusing to strike Sections Twenty and Twenty-one of the answer should be and is hereby affirmed. Our former judgment reversing the order of the Chancellor dismissing the counterclaim is reaffirmed on rehearing.

Affirmed in part, reversed in part.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.