HARRIET J. PATCHEN, a Widow, etc., Appellant, v.
JOSEPHINE P. ROBERTSON, et al., Appellee.

200 So. 400
En Banc
Opinion Filed February 11, 1941
Rehearing Denied March 4, 1941

*G. P. Garrett* and *Richard A. Lawrence,* for Appellant;
*Green & West* and *Alfred A. Green,* for Appellees.

ADAMS, J.—This suit originated by bill in equity by appellant, individually, and as administratrix *cum testamento annexo* of the estate of G. W. Patchen and Patchen Investment Company v. J. P. Robertson and her husband.

The primary purpose of the bill as disclosed by the prayer was to have the Patchen Investment Company declared a non-legal entity and subject all its assets to administration in the estate of G. W. Patchen; other relief was asked for incident thereto.

The essential facts necessary to be considered for a disposition of the questions raised herein are as follows:

In 1916 one J. W. Patchen executed his last will and testament wherein the bulk of his estate went to his daughter, J. P. Patchen Robertson.

In 1922, testator married appellant, Patchen.

In 1920, testator caused to be incorporated the Patchen Investment Company and thereafter until his death in 1939 he used the corporation almost, if not entirely, as he wished, to transfer real and personal property back and forth, and caused the stock to be transferred almost at will. Appellant claims the corporation was not legally incorporated; never functioned legally and was abandoned by Patchen, the incorporator, and prime factor in all its manipulations.

Further that it was a corporation in name only and the court is asked to pierce the corporate veil and declare all the corporate assets in the Patchen estate.

The question becomes material in that the daughter was left the bulk of the estate by the will and Patchen's widow elected to take her statutory interest of one half of the estate and it appeared that the testator owned little stock in the corporation whereas his daughter owned practically all, and considerable property was in the company.

The appellee, J. P. Robertson, asked for affirmative relief that she be declared the holder of 201 shares of the capital stock of said corporation; that all other alleged stock certificates be cancelled save and except two shares and that she be declared the owner of certain stock of Rockport Steamship Company and for an accounting.

By order of the court the corporation came in as a party defendant. The issues were made and testimony was taken.

A final decree was entered holding: First, that the corporation was and is a valid and existing corporation insofar as any of the parties to this suit were concerned; that J. P. Robertson is president and director; that J. A. Farley is secretary, treasurer and director; that there is outstanding 203 shares of capital stock divided 201 shares to J. P. Robertson, 1 share to J. A. Farley and 1 share to estate of J. W. Patchen. Second, the court found 140 shares of Rockport Steamship Company stock to belong to the said estate. Third, certain stock certificates in the corporation were ordered cancelled and certain real estate was declared to belong to the corporation. Fourth, the widow individually and as administratrix *cum testamento annexo,* was ordered to account to the corporation for rents, monies, etc.

The court reserved jurisdiction to hear objections to said accounting and consider the claims of the parties to certain properties in custody of the court under stipulation.

Pleadings were then filed relative to the accounting. The court disallowed a claim of the widow for reimbursement for attorneys' fees and for a management allowance against the corporation.

Testimony was taken on the accounting and final decree entered consistent with the above mentioned findings and making a final accounting.

Appeal was taken here by the widow individually and as administratrix *cum testamento annexo.*

Cross assignments of error have also been filed.

From a review of the record we perceive three questions before us. First, was the Patchen Investment Company a corporate legal entity on the death of Dr. Patchen? Second, if so, was there any reason shown why a court of

equity should pierce the corporate veil and throw the corporation assets in the estate? Third, did the chancellor commit error in his interpretation and application of the law to the facts relative to the title of certain property and the accounting?

Counsel for appellant contends that the corporation was not legally formed and if so it was a creation of Dr. Patchen and no one else; that before his death he, Patchen, elected to abandon and take over the entire corporation. It is insisted that the intent of Dr. Patchen was the guiding star, citing Murphy v. Murphy, 125 Fla. 855, 170 So. 856.

The Court in the Murphy case, *supra,* correctly said: "The intent of the testator is the polar star to guide in the construction of a will."

Such is not the purpose of this bill.

Conceding that this company was irregularly organized and operated, nevertheless it was a creature of the statute.

We know of no authority in law to authorize the majority stock holder and officer to terminate the corporate life by intent only.

We next consider whether there was shown any reason for the court to pierce the corporate veil and administer the assets as a part of the estate. We are not convinced that there was any fraud in the operation of the company. The parties affected were charged with notice of the company's acts. Redstone v. Redstone Lumber & Supply Company, 101 Fla. 226, 133 So. 882.

Such parties were estopped prior to Dr. Patchen's death to complain of the corporate acts. Likewise then the appellant would be estopped. 19 Am. Jur., page 809, *et seq.;* Key West Wharf & Coal Co., v. Porter, 63 Fla. 448, 58 So. 599, Ann. Cas. 1914A, 173; Huddleston v. Graham, 73 Fla. 350, 74 So. 414; McAdoo v. Moses, 101 Fla. 936, 132 So. 638; Marion Mortgage Company v. Grennan, 106

Fla. 913, 143 So. 761, 87 A. L. R. 1492; Knevels v. Florida Central & T. R. W. Co., 66 Fed. 224, certiorari denied, 15 Sup. Ct. 1040, 159 U. S. 257, 40 Law Ed. 147; Smith v. Mass. Mutual Life Ins. Co., 116 Fla. 390, 156 So. 498, 95 A. L. R. 508; Commodore' Point Terminal Co. v. Hudnall, 283 Fed. 150.

It is insisted that the decree of the chancellor should be vacated because it deprives the appellant of valuable property rights. Such is the effect of the decree, nevertheless it is in accord with the law.

We next come to the question of whether the chancellor committed error in his interpretation and application of the law to the facts relative to the title of certain property and the accounting. We have examined the evidence and findings and are unable to find error therein. We see no useful purpose in a further discussion of the questions.

We have examined all assignments of error of appellant and cross. assignments of error of appellees and have carefully considered the entire record and briefs and also the original exhibits brought to this Court and we are convinced that the decree of the chancellor was proper and the same is hereby affirmed.

Affirmed. .

BROWN, C. J., TERRELL and BUFORD, J. J., concur.

THOMAS, J., agrees to conclusion.

WHITFIELD and CHAPMAN, J. J., not participating.