HENDRY, Judge.
Milton M. Gettinger died testate on June 18, 1955. Surviving him are his wife, Elizabeth, his son by a former marriage, Robert S., and his two minor children by Elizabeth. Each was left a quarter interest in Milton’s estate. A substantial part of the estate consisted of 95% of the outstanding stock of a corporation known as P. C. Corp., a Florida corporation. The remaining 5% stock interest was owned by Elizabeth and Robert S., 2½% each.
P. C. Corp. had been an active corporation, owning leases on two restaurants, various interests in three television series and certain motion picture rights, and 10% of the net receipts of a limited partnership, known as Gettinger Associates. Gettinger Associates had been formed in February, 1954, principally through the efforts of Milton, to purchase a ninety-nine year lease on a Broadway office building. In its “Articles of Limited Partnership”, 10% of the net receipts from the operation or sale of the premises were irrevocably assigned to P. C. Corp. each year for services rendered.
The appellant, Edward Gettinger, is the brother of Milton, and was a co-executor of Milton’s estate as well as *693 ancillary administrator in New York. After Milton’s death, Edward sought and obtained from P. C. Corp. an assignment of 30% of the 10% interest which P. C. Corp. owned in the net receipts of Gettinger Associates. The assignment was signed on April 30, 1957, by Robert S. Gettinger and Elizabeth Gettinger, as president and vice-president, respectively, of P. C. Corp. and by Robert S., Elizabeth, Edward and one Edwin Van Pelt[1] as the existing directors of P. C. Corp.[2] The assignment recited that the assignee, Edward, had rendered “certain services”, and procured for P. C. Corp. “certain of the financing” in connection with the formation of Gettinger Associates and the acquisition of the leasehold and “has at all times claimed to be a part owner or entitled to part ownership in the aforesaid interest of P. C. Corp. in the net receipts of Gettinger Associates.”
In December, 1957, all of the stock in P. C. Corp. held in Milton’s estate was distributed to the legatees. Shortly thereafter, P. C. Corp. was dissolved in Florida by a liquidating resolution of the directors and stockholders. All of the remaining assets of P. C. Corp. were transferred either to the legatees or to a corporation formed by them.
On November 17, 1960, a petition for rule to show cause was filed by Robert and Elizabeth “as executors, trustees and heirs at law of the estate of Milton M. Gettinger, deceased” and by Elizabeth as guardian for the two minor children. Among other things, the petition prayed for the issuance of a rule to show cause directing Edward to show cause why the assignment to him should not be declared invalid, illegal and void. The petition alleged that the assignment was obtained by fraud, duress and coercion on the part of Edward and that the claim was actually a claim against the estate of Milton M. Gettinger and was void for failure to comply with certain provisions of the Florida Probate Act.
A rule to show cause was issued and, after final hearing, the trial judge entered the final order which reads, in part, as follows:
“10. It is the finding of this Court that the Court has jurisdiction of the parties to, and the subject matter of, this controversy. If the respondent Edward Gettinger had a claim against anyone, it would have been against the deceased Milton M. Gettinger, and thus against this Estate. The subject matter of the assignment is an asset of this Estate. The purported assignment was admittedly a compromise of a disputed claim of the respondent and that claim was in truth and fact one against this Estate. In regard to respondent’s claim against this Estate there was a complete failure of compliance with the provisions of the Florida Probate Act in each of the following respects:
“(a) No claim or demand against this Estate was ever filed by the respondent contrary to the mandatory requirements of Section 733.16(1), Fla. Stat., 1955, and consequently, his claim is void, notwithstanding any recognition of such claim by the personal representatives, including the respondent himself.
“(b) There was never any submission to this Court by petition or otherwise of the proposed settlement and compromise of respondent’s claim against this Estate, contrary to the mandatory requirements of Section 733.21, Fla.Stat, 1955.
“(c) Since this Court was never aware of the interest of the two minor heirs in the asset of the Estate which was the subject matter of the agreement of assignment to the respondent Edward Gettinger, there was never any guardian ad litem for the two minor heirs appointed pursuant to the provi *694 sions of Section 732.54, Fla.Stat., 1945. While the testator Milton M. Gettinger provided in his Will that his widow Elizabeth Gettinger should be guardian of the two minor children, there was never any legal guardian appointed for them nor any guardian ad litem appointed and upon the Court’s own motion pursuant to the provisions of said Section 732.54, the petitioner Elizabeth Gettinger is hereby appointed as guardian ad litem for the minor heirs Tonian Hillary Gettinger and Thomas Harlan Gettinger and is hereby directed to file an oath to discharge her duties faithfully, pursuant to the provisions of said Section of the Probate Act.
“(d) The respondent, while a fiduciary in his capacity as co-executor of this Estate, Ancillary Administrator and attorney for the Estate, attempted to deal with the Estate and to vest in himself an asset of the Estate contrary to the Florida Probate Act and the intendments thereof.
“Accordingly, it is hereby CONSIDERED, ORDERED, ADJUDGED and DECREED as follows:
“I. The foregoing findings of fact and of law are hereby adjudged such findings of this Court.
“II. This Court has jurisdiction of the parties to, and the subject matter of, this controversy.
“III. The purported Agreement of Assignment dated April 30, 1957, by and between P. C. Corp. and the Estate of Milton M. Gettinger, on the one hand, and Edward Gettinger on the other, copy of which is attached to the Petition as Exhibit A, and which was received in evidence as Petitioners’ Exhibit 2, is hereby declared null and void, and of no force and effect, ab initio, and no interest in the subject matter thereof ever passed to Edward Gettinger as purported assignee.
“IV. Elizabeth Gettinger is hereby appointed as guardian ad litem for the two minor heirs, Tonian Hillary Get-tinger and Thomas Harlan Gettinger, and she is directed to file forthwith an oath to discharge her duties in such capacity faithfully.
“V. The costs of this proceeding are hereby taxed against the respondent Edward Gettinger in an amount to be determined by this Court.”
The appellant, Edward Gettinger, appeals from that final order, contending (1) that the probate court lacked jurisdiction because at the time the petition for rule to show cause was filed, the stock in P. C. Corp. had already been distributed by court order to the legatees; (2) that the claim asserted by appellant to a portion of the assets, owned by P. C. Corp. was a claim against a separate corporate entity and not a claim against the estate of Milton M. Gettinger, and, therefore, compliance with the Florida Probate Act was not required; (3) that even if the claim of appellant was a claim against the estate of Milton M. Gettinger,. the appellees were estopped to raise the question more than three years after the assignment had been executed by Robert S. and Elizabeth.
We hold that the trial judge had no-jurisdiction to declare the assignment from P. C. Corp. to the appellant, Edward' Gettinger, null and void.
P. C. Corp. was a separate legal entity. Its principal asset was a 10% interest hr the net receipts of a limited partnership. Milton owned 95% of the stock of P. C. Corp. and this stock became a part of Milton’s estate upon his demise. The value of the stock was of course related to the-value of the assets of P. C. Corp. but Milton was nevertheless only a shareholder and, as such, did not directly own the assets, of the corporation.[3]
*695 The fact that Milton owned 95% of the outstanding stock of P. C. Corp. did not destroy this relationship. As was stated in Advertects, Inc. v. Sawyer Industries, Fla. 1955, 84 So.2d 21:
“Every corporation is organized as a business organization to create a legal entity that can do business in its own right and on its own credit as distinguished from the credit and-assets of its individual stockholders. The mere fact that one or two individuals own and control the stock structure of a corporation does not lead inevitably to the conclusion that the corporate entity is a fraud or that it is necessarily the alter ego of its stockholders to the extent that the debts of the corporation should be imposed upon them personally. If this were the rule, it would completely destroy the corporate entity as a method -of doing business and it would ignore the historical justification for the corporate enterprise system.”
Appellee cites the case of Central Farmers’ Trust Co. v. Pinkham, 108 Fla. 355, 146 So. 563, as authority for the proposition that where a corporation is substantially owned by a decedent, its property is to be administered as assets of the decedent’s estate. In that case, it appears that the affairs of the corporation were taken over by an executor under a void will and a subsequent executrix brought a suit in equity to procure an accounting on behalf of the -estate for the alleged waste and dissipation of the assets of the corporation by the said executor. The chancellor overruled a demurrer questioning the jurisdiction of the court of equity to inquire into and adjudicate a matter of this character and the Florida Supreme Court affirmed the chancellor. The suit never presented the question of the power of the County Judge’s Court to directly administer the property of a corporation owned substantially by a decedent as assets of the decedent’s estate. The language must be interpreted in light of the issue before the ourt and as such, it can not be regarded as authority for that proposition.
Furthermore, to include in a decedent’s estate the assets of a corporation substantially owned by him would produce far reaching results. It would ignore the rights and interests of all other stockholders in the corporation. The creditors of the corporation might have to file claims against the estate of the principal stockholder. The board of directors and officers might be divested of all authority and their power taken over by the executor. The real and personal property of the corporation might have to be distributed among numerous beneficiaries, etc. We cannot support any theory of law which might produce or permit such results.
Had Edward sought to obtain part of Milton’s stock on the basis that Milton was holding certain shares for him or was indebted to him for services rendered on Milton’s behalf, the claim would be against Milton’s estate and the provisions of the Florida Probate Act would have to be complied with. This, however, was not the case. Edward claimed that P. C. Corp. was indebted to him for services rendered and the directors of P. C. Corp., in recognition of this claim, assigned a portion of its assets to Edward.
If Edward perpetrated a fraud upon P. C. Corp. or if the directors of P. C. Corp. violated some duty owed the stockholders of P. C. Corp. it would appear that an appropriate action could be maintained against them. County judge’s courts have no jurisdiction except that which is conferred upon them by the constitution, statutory enactment, and such as may be incidentally necessary to the exercise of these powers. In Re: Brown’s Estate, Fla.App.1961, 134 So.2d 290.
*696 We hold that the county judge had no jurisdiction to enter the final order from which this appeal is taken. This is not to say that the County Judge’s Court could not, under appropriate circumstances, pierce a corporate veil; this proposition of law is not raised nor is it pertinent to the issues involved herein.
In view of our decision, we deem it unnecessary to pass upon the other points raised by the appellant.
Accordingly, the final order appealed is reversed with leave to the appellees to pursue whatever legal or equitable remedy they may have in the proper forum.
Reversed.

. Mr. Edwin Van Pelt is vice president of the Chemical Bank and Trust Co., of New Toz'k.

. The assignment was also signed by Robert S., Edward and Elizabeth, as executors of the Estate of Milton M. Gettinger.

. See Patchen v. Robertson, 146 Fla. 138, 200 So. 400, wherein the Florida Supreme Court affirmed a decree which refused to pierce a corporate veil and declare *695 aU the assets of the corporation to be assets of the estate of a decedent who had practically sole control of the corporation.